THE PEOPLE v. RICHARD MESERVEY AND WILLIAM SMITH.

*Criminal law—Vacation of sentence by circuit judge—Re-sentence.*

1. The authority of a circuit judge over a prisoner ceases upon sentencing him to State prison, and remanding him to jail to await the execution of the sentence.

2. A circuit judge has no power to vacate a sentence imposed upon a prisoner, of imprisonment in State prison, after remanding him to jail to await its execution, and impose a heavier one because of the prisoner's attempted escape from jail, and such a sentence will be set aside and the original one held to be in full force.

Error to Kalamazoo.   (Buck, J.)   Argued June 21, 1889. Decided July 11, 1889.

Respondents were convicted of burglary on their plea of guilty, and sentenced to State prison for the terms of five years, and remanded to jail to await the execution of such sentences, and on the same day made an unsuccessful attempt to break jail; whereupon the sentences were vacated, and heavier ones imposed, under which respondents were confined in State prison at time of deciding this case.   Latter sentences vacated, and original ones ordered to stand in full force.   The facts, and points of counsel *passed* upon by the Court, are stated in the opinion.

*James H. Kinnane,* for respondents.

*S. V. R. Trowbridge,* Attorney General, and *George P. Hopkins,* Prosecuting Attorney, for the people.

MORSE, J.   The defendants pleaded guilty in the Kalamazoo circuit court to an information charging them with burglary, on the twenty-third day of July, 1888.   Thereupon,

after a private examination, they were sentenced to be confined in the State prison at Jackson at hard labor; Meservey for the period of five years, and Smith for the same time, from and including the day of sentence.

On the next day, the twenty-fourth of July, 1888, the defendants were again brought into court, and the following order entered in each case:

" In this cause, it appearing to the court that the sentence heretofore pronounced was imposed under a misapprehension of material facts existing in said cause, and it further appearing that said respondent has not yet entered upon the term of imprisonment to which he was sentenced, and that no part of the judgment of said court in said cause has been inflicted upon said respondent, it is ordered that said sentence and judgment be, and the same is hereby, vacated and set aside."

They were then re-sentenced, Smith for nine and Meservey for ten years.

The sentence in Smith's case, as entered upon the court journal, reads as follows:

" William Smith, the respondent in this cause, having been upon his plea of guilty duly convicted of the crime of breaking into a shop in the night-time, as appears by the record thereof, and having been on motion of the prosecuting attorney brought to the bar of the court for sentence, and having there been asked by the court if he had anything to say why judgment should not be pronounced against him, and alleging no reason to the contrary, and the judge of the court having become satisfied, after such investigation as he deemed necessary for that purpose respecting the nature of the case and circumstances of said plea, that the same was made freely, with full knowledge of the accusation against him, and without any undue influence, therefore, it is ordered and adjudged by the court now here that the said William Smith be confined in the State prison at Jackson at hard labor for the period of nine years from and including this day."

And the same in Meservey's case, except title of cause and number of years of imprisonment. Under these sentences the respondents are now confined in the State prison at Jackson.

it is claimed by the counsel for respondents in this Court that the sentences last promulgated are erroneous, illegal, and void; that the original sentences had gone into effect; and that the circuit judge had no power or authority to alter them after they had so gone into effect; that, having vacated them, the cases stood as if there had been no sentences passed, and there should have been no further proceedings in the cases without having the respondents plead anew to the informations; and hence that the re-sentences are irregular and void on that account; and that the last and final sentences show that they were sentenced without the private examination required by law.

It is contended that the respondents, for these reasons, should be released from imprisonment.

The record shows, as signed and returned by the circuit judge, that after the first sentences the respondents were—

"Remanded to the county jail for the county of Kalamazoo, in the custody of the sheriff of said county, to be taken to the said State prison at Jackson.

"And afterwards, late in the afternoon of said twenty-third day of July, said respondents made an unsuccessful attempt to break jail and escape from said county jail; and on the following morning, to wit, on the twenty-fourth day of July, 1888, said respondents were by order of said circuit judge brought before him in open court in and for the county aforesaid, and the sentence of the said twenty-third day of July was thereupon by him, the said circuit judge, set aside.

"And the said circuit judge thereupon declared that the case of the respondents thereupon stood upon a plea of guilty, and, after asking respondents and their counsel if they had any thing to say why sentence should not be passed, and alleging nothing to the contrary, the said circuit judge, without subjecting respondents to a private examination, or having respondents' plea of guilty withdrawn, addressed them, saying, in substance, that, from what he had known of them since imposing the original sentence, he was convinced that he had dealt with the case too leniently, and he, the said circuit judge, then and there re-sentenced the respondents, as follows: Richard Meservey to ten years in the State

76 MICH.—15.

prison at Jackson, and William Smith to nine years in the State prison at Jackson, aforesaid,—to which re-sentence of said respondents, and all the proceedings connected therewith, counsel for respondents then and there duly excepted."

It is claimed by the counsel for respondents that the second sentence in each case was imposed by the judge in punishment of the attempt of the respondents to escape jail. And the return of the circuit judge, or the record signed by him, bears out this claim, as it appears that he addressed the respondents before imposing the last sentences, stating, in substance, that he was convinced, from what *he had known of them since the original sentence,* that he had dealt too leniently with them. This we are satisfied he had no power to do. This was an offense for which they could not be sentenced without a conviction on a trial or plea of guilty, and the action of the crcuit judge amounts to this, and nothing less: that Smith is sentenced to Jackson prison for four years, and Meservey for five years, for an attempt to break jail.

We also think that the original sentences had gone into effect, and that one day of the imprisonment at Jackson, under the sentences, had passed at the time the order was made vacating them. The circuit judge had no power at that time to vacate the sentences, because the authority over the prisoners had passed out of his hands by his own order.

This is not the case of amending the judgment entry in accordance with the real facts taking place at the time of the sentence, and in accordance with the sentence as originally pronounced by the court, as was the case in *People v. Bemis,* 51 Mich. 422 (16 N. W. Rep. 794).

Our conclusion is that the first sentence must stand in each case, and that the respondents are legally confined in the State prison at Jackson, and legally committed there, for the term of five years from and including the twenty-third day of July, 1888. Let it be certified accordingly to the circuit

court for the county of Kalamazoo, and to the warden of the State prison at Jackson.

The orders of said circuit court made on the twenty-fourth day of July, 1888, vacating the sentences of July 23, 1888, are annulled and set aside, as are also the sentences imposed after the making of said orders, and on the twenty-fourth day of July, 1888.

SHERWOOD, C. J., CHAMPLIN and CAMPBELL, JJ., concurred. LONG, J., did not sit.