THE PEOPLE v. JAMES KELLEY AND PETER FARRO.

*Criminal law—Sentence.*

This case is ruled by *People v. Meservey,* 76 Mich. 223, where it was held that a circuit judge has no power to vacate a sentence after remanding the respondent to jail to await its

execution, and impose a heavier one because of his attempted escape from jail; and that the latter sentence will be set aside, and the original one held to be in full force.

·Error to Van Buren. (Buck, J.) Argued January 23, 1890. Decided January 24; 1890.

Respondents were convicted of burglary on their plea of guilty, and sentenced to State prison for the term of three years and six months, and remanded to jail to await the execution of such sentence; after which they broke jail, and were recaptured, whereupon the sentence was vacated and a heavier one imposed, which is set aside, and the original one stands in full force. The facts are stated in the opinion, and in the above statement of the case.

*D. G. F. Warner*, for respondents.

*S. V. R. Trowbridge*, Attorney General, and *John I. Breck*, Prosecuting Attorney, for the people.

GRANT, J. The defendants pleaded guilty to an information for burglary. On January 16, A. D. 1888, they were sentenced to the State prison at Jackson for the period of three years and six months. On January 19, 1888, the court set aside that sentence, and imposed a sentence of five years.

This case is governed by the case of *People v. Meservey*, 76 Mich. 223 (42 N. W. Rep. 1133), wherein the facts were substantially the same. The first sentence must therefore stand in each case.

The order of the circuit court made on January 19, A. D. 1888, is annulled and set aside, and also the order of the same date imposing the sentence of five years. It will be certified accordingly to the circuit court for the county of Van Buren, and to the warden of the State prison at Jackson.

The other Justices concurred.