MINNICK v STATE
ZIEGLER v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9427. Decided March 4, 1929

A L Kearns, Cleveland and I L Siml, for plaintiff in errror.

Ray T Miller and E J Hopple, both of Cleveland, for State.

**SULLIVAN, J.**

It is claimed that the court committed error in changing the first sentence to the Reformatory to imprisonment in the Ohio State Penitentiary. It is well settled in Ohio that a court, during term time has control of its docket and its judgments and that the same may be changed if duly made upon good cause shown, without the court being guilty of the abuse of the exercise of sound discretion.

This authority is found in the case of **Lee vs. State of Ohio, 32 Oh. St., page 113.**

In the case of **Antonio vs. Milliken, 29 Oh. St., page 305,** we find similar authority.

It may be argued that the cases cited have reference only to misdemeanors, but in principle the question is the same as in felony cases, for each bears upon the right and authority of a court to change its entries and judgments made during the term and before the sentence goes into effect by the commencement of the serving of ,time, as was laid down in 79 Mich. 320, 44 N. W. 615; 76 Mich. 223, 42 N. W. 1133.

Able counsel for the plaintiff in error argues that **13720 GC** precludes a change of sentence like the one at bar.

From an examination of this section we do not find anything contained therein which destroys the principle universally established that a court has the power to change its judgment before actionable execution at least, any time during the term, for the reason that the term is considered as of a day, and under the principle of ancient law as well as of modern law, and consequently, legally speaking, the legal status is the same as if both sentences in the cases at bar were imposed the same day. There is a presumption of law that when a change of judgment is made by a court during term, that it is done in furtherance of justice and for good cause.

In the instant case we have a right to presume as a reviewing court, as a matter of law, that from the investigation made when the cases were held over for examination, that facts were discovered which made it un-warrantable to impose a sentence for confinement in the Reformatory, but which justified, by subsequent information received by the court, a sentence in the Penitentiary, in order to meet the demands of justice under the facts as they were made to appear before the court at the time of sentence. On the other hand, it might be discovered, after the imposition of sentence to imprisonment, that certain facts appeared which would warrant much lighter sentence, perhaps no sentence at all, and the granting of a new trial, and to deprive the court of its inherent power to do justice under such circumstances as these, would be an unwarrantable curb upon the power of the courts.

Thus holding, it is our judgment that there is no basis for the assignment of error and the judgments in both cases are hereby affirmed.

Vickery, PJ, and Levine, J, concur.