PEOPLE *v.* FOX.

1. CRIMINAL LAW—SENTENCE—EXECUTION—IMPOSITION OF NEW SENTENCE.

A trial court cannot set aside a valid sentence and impose a new and different one after the defendant has been remanded to jail to await the execution of the sentence.

2. CONSTITUTIONAL LAW—COMMUTATION OF SENTENCE—GOVERNOR.
   After a prisoner has served a part of his sentence, the governor, under the Constitution, has the exclusive power to commute sentence (Const. 1908, art. 6, § 9).

3. CRIMINAL LAW—AMENDMENT OF SENTENCE BY TRIAL COURT—GOVERNOR—PAROLE BOARD.
   To permit a trial court to amend a valid sentence after the prisoner has served a part of it would infringe upon the exclusive power of the governor under the Constitution to commute sentence and violate the jurisdiction of the parole board (Const. 1908, art. 6, § 9).

4. SAME—CHANGE OF SENTENCE—NOTICE TO PROSECUTING ATTORNEY.
   Statute requiring clerk of court of sentencing judge to notify prosecuting attorney of the change of a sentence imposed does not empower a trial court to reduce a sentence after it has been partially served (Const. 1908, art. 6, § 9; Act No. 175, chap. 9, § 27, Pub. Acts 1927, as added by Act No. 144, Pub. Acts 1935).

5. SAME—CHANGE OF SENTENCE—COMMUTATION OF SENTENCE.
   Trial court's amendment of life sentence for robbery armed so as to give prisoner, in effect, immediate release from prison, made after failure of parole board to take action under so-called 10-year life law, was a nullity, since the Constitution gives the governor the exclusive power to commute sentence (Const. 1908, art. 6, § 9; Act No. 175, chap. 9, § 27, Pub. Acts 1927, as added by Act No. 144, Pub. Acts 1935; Act No. 255, chap. 3, § 4, Pub. Acts 1937, as amended by Act No. 173, Pub. Acts 1941).

Appeal from Recorder's Court for the City of Detroit; Skillman (W. McKay), J. Submitted October 11, 1945. (Docket No. 81, Calendar No. 43,060.) Decided December 3, 1945.

Raymond Fox was convicted of robbery armed and sentenced to prison for life. On motion, sentence was reduced. People appeal. Reversed.

*John R. Dethmers,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara* and *Perry A. Maynard,* Assistants Attorney General, for the people.

*Alladar H. Hamborsky* and *Henrietta E. Rosenthal,* for defendant.

SHARPE, J. This is an appeal on behalf of the people of the State of Michigan from an order amending life sentence of Raymond Fox.

The facts are not in dispute. On May 3, 1928, Raymond Fox, defendant, was tried, convicted and sentenced for a term of life imprisonment for robbery armed by Judge Skillman of the recorder's court of the city of Detroit. On September 21, 1944, defendant Fox filed a motion in the recorder's court before Judge Skillman for an order *nunc pro tunc* amending his life sentence to a maximum term of not less than 15 years and not more than 20 years for the reason that under the circumstances the sentence imposed was too severe; that at the time the sentence was imposed the court was not fully aware of the good character of the defendant, nor fully acquainted with all the facts and circumstances; that since his commitment he has a good institutional conduct record; and that under the 10-year life law (Act No. 255, chap. 3, § 4, Pub. Acts 1937, as amended by Act No. 173, Pub. Acts 1941 [Comp. Laws Supp. 1943, § 17543–44, Stat. Ann. 1944 Cum. Supp. § 28.2104]), providing for paroles for lifers who have served 10 calendar years and who have not been sentenced for first degree murder, he is eligible for parole, but the parole board has taken no action.

On November 21, 1944, the trial court issued an order modifying the original sentence so as to read that Raymond Fox serve a sentence of not less than 10 years and not more than 16 years, 6 months and 16 days in the Southern Michigan Prison at Jackson, such sentence to commence with the date of the original sentence. Upon leave being granted, plaintiff appeals.

Defendant urges that the trial court has inherent power at any time to amend a sentence in the interest of justice; and argued that Act No. 144, Pub. Acts 1935, which added section 27 to chapter 9 of Act No. 175, Pub. Acts 1927, known as the code of criminal procedure (Comp. Laws Supp. 1940, § 17354–1, Stat. Ann. § 28.1097), recognizes the existence of such power.

Section 27 of chapter 9 of the code of criminal procedure provides:

"In the event that any sentence imposed under and by virtue of the provisions of this act shall be changed in any respect by the sentencing judge, it shall be the duty of the clerk of the court of said judge to give written notice of the change to the prosecuting attorney. In the event that the prosecuting attorney desires to oppose the change, he shall file an application, within five days after receiving such notice, and in such a case shall be entitled to be heard in open court upon the merits of the change."

Plaintiff urges that the governor has exclusive power to commute sentences under Constitution 1908, art. 6, § 9, which reads as follows:

"He (the governor) may grant reprieves, commutations and pardons after convictions for all offenses, except treason and cases of impeachment, upon such conditions and with such restrictions and limitations as he may think proper, subject to regulations provided by law relative to the manner of applying for pardons. Upon conviction for treason, he may suspend the execution of the sentence until the case shall be reported to the legislature at its next session, when the legislature shall either pardon or commute the sentence, direct the execution of the sentence or grant a further reprieve. He shall communicate to the legislature at each session information of each case of reprieve, commutation or pardon granted and the reasons therefor."

In *Brown* v. *Rice,* 57 Maine, 55 (2 Am. Rep. 11), defendant pleaded guilty and was sentenced to. be imprisoned in the county jail for a period of six months. He was committed on the same day. A few days later the trial judge undertook to revoke the sentence and to sentence defendant on the same indictment to be imprisoned in the State prison for the term of three years. Upon review, that court said:

"When the court had done these acts it would seem to have done all that it had the legal power to do, and its power over the prisoner or his destiny, under the proceedings then before it, would appear to be at an end."

In *People* v. *Meservey,* 76 Mich. 223, defendants pleaded guilty to a charge of burglary and were sentenced to be imprisoned for a period of five years. On the following day they were brought into court, whereupon the trial judge vacated the sentence and re-sentenced each of the defendants to a longer term. Upon review, we said:

"We also think that the original sentences had gone into effect, and that one day of the imprisonment at Jackson, under the sentences, had passed at the time the order was made vacating them. The circuit judge had no power at that time to vacate the sentences, because the authority over the prisoners had passed out of his hands by his own order."

See, also, *People* v. *Kelley,* 79 Mich. 320.

*In re Richards,* 150 Mich. 421, we said:

"We have held that a trial court cannot set aside a valid sentence and impose a new and different one, after the defendant has been remanded to jail to await the execution of the sentence."

To hold with defendant under the circumstances of this case that the court has power to amend a

sentence after the prisoner has served a part of it would infringe upon the exclusive power of the governor under the Constitution to commute sentence. It would violate the jurisdiction of the parole board. Section 27 of chapter 9 of the code of criminal procedure relied upon by defendant does not give the trial court the power to reduce a sentence after it has been partly served.

The order of the trial court amending the sentence is annulled and set aside. The defendant is remanded to the warden of the State prison at Jackson.

STARR, C. J., and NORTH, CARR, BUTZEL, BUSHNELL, BOYLES, and REID, JJ., concurred.