## *In re* PARDEE.

1. CRIMINAL LAW—MINIMUM AND MAXIMUM TERM OF SENTENCE.
   A sentence for crime need be referred to only to determine the minimum term, as the maximum term is fixed by law.

2. SAME—SENTENCE—MAXIMUM TERM—STATUTES.
   A sentence under the indeterminate sentence law is to be interpreted in the light of the statutes upon which it is based, and the maximum punishment fixed by law should be read into and considered a part of the sentence and mittimus.

3. SAME—SENTENCE—EXECUTION.
   The power of the court over an individual upon whom final judgment has been rendered and sentence pronounced is at an end and all that remains to be done is the mere ministerial act of doing execution.

4. SAME—STATUTORY SENTENCE—CORRECTION OF SENTENCE IN ABSENCE OF DEFENDANT.
   Sentence of 14 to 28 years is the sentence prescribed by statute for one convicted of uttering and publishing a forged check as a third felony, hence it was not error to correct a sentence of 10 to 20 years to the statutory sentence even though the defendant be absent at the time of correction (CL 1948, §§ 750.249, 769.11).

5. SAME—CORRECTION OF SENTENCE.
   A corrected sentence for a first sentence that was not in accordance with the statute is not a double sentence.

REFERENCES FOR POINTS IN HEADNOTES

[2] 15 Am Jur, Criminal Law, § 520.
[4] 15 Am Jur, Criminal Law, § 473 *et seq.*
[6] 25 Am Jur, Habitual Criminals and Subsequent Offenders, § 6.
[6] Constitutionality and construction of statute enhancing penalty for second or subsequent offense. 58 ALR 20; 82 ALR 345; 116 ALR 209; 132 ALR 91; 139 ALR 673.
[7] 4 Am Jur, Arrest, § 12; 25 Am Jur, Habeas Corpus, §§ 26–28.
[7, 8] 14 Am Jur, Criminal Law, §§ 245, 272.

6. INDICTMENT AND INFORMATION—HABITUAL CRIMINAL ACT.

An information charging a defendant as a third offender un-
der the habitual criminal act does not violate the Federal and
State Constitutions by charging him with an offense for
which he had paid with time served on the other two charges
(CL 1948, § 769.11).

7. HABEAS CORPUS—QUESTIONS REVIEWABLE—JURISDICTION—COM-
PLAINT—PLEA OF GUILTY.

Whether or not trial court was without jurisdiction of crim-
inal prosecution of defendant to charge of uttering and pub-
lishing a forged check as a third felony because criminal
complaint was signed by a deputy sheriff and not by an eye-
witness is not determined on habeas corpus by defendant
who pleaded guilty to the charge (CL 1948, §§ 750.249,
769.11).

8. CRIMINAL LAW—WAIVER OF DEFECTS IN COMPLAINT AND WARRANT
—PLEA OF GUILTY.

A waiver of all defects in a criminal complaint and warrant
is effected by a plea of guilty.

Habeas corpus by Kenneth Pardee, with accom-
panying certiorari to Huron Circuit Judge, to ob-
tain release from State House of Correction and
Branch Prison at Marquette. Submitted January
24, 1950. (Calendar No. 44,633.) Writ denied Feb-
ruary 28, 1950.

*Kenneth Pardee, in propria persona.*

*Stephen J. Roth,* Attorney General, and *Edmund
E. Shepherd,* Solicitor General, for the people.

SHARPE, J. Upon petitioner's application, we is-
sued the writ of habeas corpus directed to the war-
den of the State house of correction and branch pris-
on at Marquette, requiring him to disclose the time
and cause of the detention of petitioner. We also
issued an ancillary writ of certiorari directed to the
judge of the circuit court of Huron county, com-
manding him to certify the records and proceedings

in the matter of sentencing petitioner on February 11, 1947, to a term of 10 to 20 years, and amending the sentence on April 26, 1947, "to read for a period of not less than 14 and not more than 28 years."

The warden filed a return showing that petitioner was sentenced to Jackson prison upon conviction on a plea of guilty to the crime of uttering and publishing a forged check with intent to defraud* charged as a third offense.†

The return of the circuit judge shows that on January 18, 1947, the prosecuting attorney of Huron county filed an information charging petitioner with uttering and publishing a forged check, knowing it to be forged, and with intent to injure and defraud another, such crime being charged as a third offense pursuant to the habitual criminal law of Michigan; that upon arraignment petitioner stood mute and a plea of not guilty was entered by the court; that on February 8, 1947, petitioner was permitted to withdraw his plea of not guilty and plead guilty to the information; that on February 11, 1947, petitioner was sentenced to the State prison at Jackson "for not less than 10, nor more than 20 years;" and that on April 26, 1947, the court entered an order amending and correcting the sentence record to read "for a period of not less than 14 and not more than 28 years."

A supplemental return to the writ of habeas corpus as taken from the records of the department of corrections shows that petitioner is now serving a sentence of 10 to 14 years in Marquette prison for uttering and publishing imposed by the circuit court of Lapeer county on April 20, 1937, but which petitioner did not begin to serve until March 3, 1939, due to the fact that he was a parole violator at the time of receiving the 1937 sentence; and that the

* CL 1948, § 750.249 (Stat Ann § 28.446).
† CL 1948, § 769.11 (Stat Ann § 28.1083).

maximum of the 1937 sentence will not expire until sometime in the future at which time petitioner will begin serving the last sentence imposed.

Petitioner urges that the trial court was in error in correcting his sentence to read from 14 to 28 years without petitioner being present in court when the correction was made.

In *Re Duff*, 141 Mich 623, petitioner was sentenced for a term of not less than 6 months and not more than 15 months for larceny of property exceeding $25 in value. We there said:

"In the case at bar, the trial judge did fix the minimum term of imprisonment, and, striking out the provision for a maximum term, the sentence was a lawful sentence. The fixing of a maximum term of imprisonment was unauthorized and void. It was mere surplusage, as much so as though the sentence had provided what clothes the convict should wear, what food he should eat, or when he should be paroled. Rejecting the unauthorized and illegal surplusage, all of the elements of a strictly legal sentence remain. It is no more necessary to look beyond the sentence to determine its full extent and scope than in the *Campbell Case, supra* [*In re Campbell,* 138 Mich 597]. In that case the sentence was to confinement in the Detroit house of correction for a period 'not less than one year,' fixing no maximum term. It is necessary in all such cases to refer to the statute to determine the maximum term, since that is fixed by the statute and need not be referred to in the sentence at all. The sentence need only be consulted for the determination of the minimum term. A sentence under the indeterminate sentence law is to be interpreted in the light of the statutes upon which it is based, and the maximum punishment fixed by law should be read into and considered a part of the sentence and mittimus. *People, ex rel. Bradley,* v. *Illinois State Reformatory,* 148 Ill 413 (36 NE 76, 23 LRA 139); *Miller* v. *State,* 149 Ind 607, 618 (49 NE 894, 40 LRA

109). The unauthorized fixing of the maximum term in the sentence was without force or effect, and conferred no rights upon petitioner."

In *Re Evans*, 173 Mich 25, petitioner was convicted of the crime of burglary and sentenced to a minimum term of 2 years and a maximum of 5 years. After the expiration of his 5-year sentence, the warden refused to release him, basing his refusal upon the fact that the statute under which he was sentenced provided a maximum penalty of 15 years. We there said:

"It will be observed from a reading of this provision that the legislature conferred no authority on the trial court to fix the maximum period. The legislature itself pointed out what the maximum period should be, and directed the trial court to 'state it in passing sentence.' The duty imposed on the trial court was not one in which he had any discretion, but was simply a plain ministerial duty. This being so, it would follow that the maximum period of 5 years, fixed by the trial court, is a nullity, and should be rejected as surplusage, and the remainder of the sentence read in connection with the statute, which fixes the maximum period at 15 years. *In re Duff,* 141 Mich 623."

See, also, *Canfield* v. *Commissioner of Pardons and Paroles,* 280 Mich 305.

In *Re Jerry,* 294 Mich 689 (132 ALR 89), we had occasion to say:

"But where final judgment has been rendered and sentence pronounced, the power of the court over the subject matter is at an end, and all that remains to be done is the mere ministerial act of doing execution."

See, also, CL 1948, § 769.24 (Stat Ann § 28.1094).

Under the authority hereinbefore mentioned and by virtue of the statutes it became the duty of the

trial court to sentence petitioner to a term of 14 to 28 years. It was not error to correct that which should have been done, even though petitioner was absent at the time of correction.

It is also urged that petitioner has been sentenced twice for the same offense. We are not in accord with this view. The sentence of 14 to 28 years is a correction of the first sentence and is not a double sentence. Petitioner also urged that the information charging him as a third offender violates the Federal and State Constitutions in that it charged him with an offense for which he had paid with time served on the other 2 charges. Petitioner was sentenced under and by virtue of the habitual criminal act. The constitutionality of such act was upheld in *People* v. *Palm,* 245 Mich 396.

Petitioner also urges that the trial court was without jurisdiction to proceed with the case as the complaint was illegal, being signed by a deputy sheriff and not by an eyewitness. We need not discuss this claim as petitioner by his plea of guilty waived all defects in the complaint and warrant. See *In re Reno,* 321 Mich 497.

Writ denied.

BOYLES, C. J., and REID, NORTH, DETHMERS, BUTZEL, CARR, and BUSHNELL, JJ., concurred.