PEOPLE v JOHNSON

1. CRIMINAL LAW—SENTENCING—SENTENCING ERROR—RESENTENCING.

A resentencing was proper and not established to be in retaliation for defendant's appealing where the defendant pled guilty to assault with intent to rob, being unarmed, which carries a maximum sentence of 15 years, knew at the time of his plea that the maximum penalty for unarmed robbery was 15 years, was erroneously sentenced for conviction of a crime which carried a maximum sentence of only five years and where the court was aware at the resentencing proceeding of the defendant's attempt to file a claim of appeal, but was only trying to correct its error in the original sentence.

2. CRIMINAL LAW—SENTENCING—SENTENCING ERROR—HABEAS CORPUS—RESENTENCING.

A sentence based upon an offense to which a defendant has not pled guilty is erroneous, and not a valid sentence, and after discovering the error a court has the authority to issue a writ of habeas corpus and properly sentence the defendant for the offense to which he did plead guilty, even though as a general rule once a valid sentence is imposed upon a defendant, the trial court loses the power to vacate that sentence and impose a new one.

Appeal from Recorder's Court of Detroit, Clarence Laster, Jr., J. Submitted Division 1 March 7, 1975, at Detroit. (Docket No. 20534.) Decided April 9, 1975.

Gary E. Johnson was convicted, on his pleas of guilty, of gross indecency and assault with intent to rob, being unarmed. Defendant appeals. Affirmed.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 574.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, *Patricia J. Boyle,* Principal Attorney, Research Training and Appeals, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Carrie J. Thompson,* for defendant on appeal.

Before: ALLEN, P. J. and McGREGOR and M. F. CAVANAGH, JJ.

PER CURIAM. Defendant was originally charged with breaking and entering, rape, gross indecency, and armed robbery. On September 19, 1973, he pled guilty to the charges of gross indecency, MCLA 750.338b; MSA 28.570(2), and assault with intent to rob, being unarmed. MCLA 750.88; MSA 28.283. On October 25, 1973, defendant received concurrent three- to five-year sentences for gross indecency and attempted robbery not armed. MCLA 750.530; MSA 28.798 and MCLA 750.92; MSA 28.287. Subsequently, the error was discovered in the presentence report, and the trial court issued a writ of habeas corpus and had defendant returned to court for resentencing January 18, 1974. The three- to five-year sentence for gross indecency was allowed to stand, but the trial court corrected defendant's sentence to one of 5 to 15 years in prison for assault with attempt to rob not being armed. The crime for which defendant was originally and erroneously sentenced carried a maximum sentence of five years. MCLA 750.530; MSA 28.798 and MCLA 750.92; MSA 28.287. The crime to which defendant pled guilty carries a maximum sentence of 15 years. MCLA 750.88; MSA 28.283.

Relying upon *North Carolina v Pearce,* 395 US 711; 89 S Ct 2072; 23 L Ed 2d 656 (1969), defendant argues that the trial court imposed a more severe sentence to retaliate against defendant after defendant had filed his claim of appeal in December of 1973. At the January 18, 1974 proceeding, the trial court indicated that it was aware of defendant's attempt to file a claim of appeal. Apparently defendant had filed his claim improperly, and the January 18 transcript reveals that the judge knew of this fact. The court was trying to correct its error, and defense counsel told the court that he had advised defendant of the purpose of the January 18, 1974 proceeding. While the record shows that defendant was under the mistaken impression that a new trial was to commence that day, the record fails to support defendant's claim of retaliation. At the plea-taking proceedings September 19, 1973, the trial court asked defendant if he understood that "the maximum penalty * * * for assault with intent to rob unarmed is 15 years and the maximum penalty for gross indecency is 5 years * * * ". Defendant responded "Yes". We further note that a claim of appeal was not filed until May 17, 1974.

Secondly, it is argued that the trial court lacked the authority, once it had imposed a valid sentence, to resentence defendant. We are cognizant of the general rule that once a valid sentence is imposed upon a defendant, the trial court loses the power to vacate that sentence and impose a new one. See *People v Meservey,* 76 Mich 223, 226; 42 NW 1133 (1889), and *People v Kelley,* 79 Mich 320, 321; 44 NW 615 (1890). However, the October 25, 1973 sentence was erroneous because it was based upon an offense to which defendant had not pled guilty. We find that after discovering the error,

the trial court had the authority to issue a writ of habeas corpus and properly sentence defendant for the offense to which he had pled guilty. *In re Pardee,* 327 Mich 13, 18; 41 NW2d 466 (1950), and *In re Doelle,* 323 Mich 241, 246; 35 NW2d 251 (1948).

Affirmed.