PEOPLE v ROBERT JACKSON

1. HOMICIDE—SECOND-DEGREE MURDER—MALICE—FINDER OF FACT—
   EVIDENCE—INFERENCES.

   A finder of fact in a trial for second-degree murder may properly
   infer malice from the use of a deadly weapon.

2. CRIMINAL LAW—SELF-DEFENSE—ELEMENTS—EVIDENCE.

   Self-defense requires a showing that: the accused was without
   fault or was not the aggressor in bringing about the conflict;
   under the circumstances as they appeared to the accused at the
   time he was in danger of death or of suffering great bodily
   injury; except where assaulted in his own dwelling, there was
   no way open to the accused for retreat; and the only recourse
   lay in repelling the attack by physical means.

3. CRIMINAL LAW—COURTS—FINDINGS—NONJURY TRIAL—HOMICIDE—
   SELF-DEFENSE.

   A trial court sitting in a nonjury trial must make findings of fact
   which cover the court's steps with the degree of specificity
   necessary to disclose the basis for each critical determination;
   and a finding that a defendant was not acting in self-defense
   and was guilty of second-degree murder is not sufficient where
   the trial judge did not recite that he disbelieved uncontradicted
   testimony that the decedent's companion shot first or that the
   court found defendant to have used excessive force.

4. CRIMINAL LAW—SENTENCING—NEW SENTENCE—COURTS—POWERS.

   A sentencing court has neither the power nor the authority to
   change or vacate a sentence and subsequently impose a new
   one where the sentence originally imposed is valid.

Appeal from Recorder's Court of Detroit, George
W. Crockett, Jr., J. Submitted June 6, 1975, at

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 40 Am Jur 2d, Homicide § 267.
[2, 3] 40 Am Jur 2d, Homicide §§ 139–169.
[4] 21 Am Jur 2d, Criminal Law §§ 533, 569, 572.

Detroit. (Docket No. 20768.) Decided August 12, 1975. Leave to appeal denied, 395 Mich 767.

Robert Jackson was convicted of second-degree murder. Defendant appealed. Affirmed, 41 Mich App 530 (1972). Reversed and remanded for further proceedings in trial court, 390 Mich 621 (1973). Defendant appeals following trial court's action on remand. Remanded for further proceedings.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Gerard A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*Dennis H. Benson,* Assistant State Appellate Defender, for defendant.

Before: DANHOF, P. J., and R. B. BURNS and R. M. MAHER, JJ.

R. M. MAHER, J. Defendant was found guilty of second-degree murder, MCLA 750.317; MSA 28.549, by a judge sitting without a jury. This Court affirmed the conviction, *People v Robert Jackson,* 41 Mich App 530; 200 NW2d 465 (1972), but the Supreme Court remanded the case back to the trial court for additional fact finding. *People v Jackson,* 390 Mich 621; 212 NW2d 918 (1973). Defendant appeals, raising three claims of error arising out of that remand.

The facts of this case are set out more extensively in both appellate decisions but are basically as follows: Defendant, with Michael Lewis and the

decedent, Jackie (Sonny) Wilson, Jr., went to the residence of Richard Holmes to purchase narcotics. Wilson knocked on the door while Lewis stood on the porch and defendant stood on the steps leading to the porch. Holmes opened the door and told Wilson that he did not know Lewis. When Wilson made a move, Holmes jumped back into the hall. Lewis testified that the first shot came from inside the hallway and that defendant returned the fire with a sawed-off shotgun he had concealed under his clothing, killing Wilson. Both the prosecutor and defense counsel tried the case on the assumption that Wilson's death was accidental.

Because "[t]here [was] sufficient doubt whether the judge correctly applied the law to the facts of this case", the Supreme Court remanded "for additional fact finding on the record already made", *People v Jackson, supra,* p 628, after holding that GCR 1963, 517, requiring fact finding in bench trials, applied to criminal, as well as civil, cases. The Court specifically pointed out that the judge failed to indicate in his findings how he resolved the issue of self-defense and whether he found against defendant because he did not believe Lewis' uncontradicted testimony or because he thought that defendant used excessive force.

On remand, both prosecution and defense submitted proposed findings of fact. The trial court adopted the prosecution's, supplementing them with one conclusory paragraph:

"1) That Jackie Wilson Jr. met his demise on September 28, 1970 at about 10:30 p.m.

"2) That Jackie Wilson Jr. died as a result of a shotgun wound which entered his left chest traveling upwards approximately 25 to 30 degrees.

"3) That at the time of this incident the deceased, the defendant and one Michael Lewis had approached a

home of Richard Holmes to engage in a narcotic transaction.

"4) That the home of Richard Holmes is located in the City of Detroit at 16625 Prairie Street.

"5) That the defendant was armed with a shotgun and at the time of the fatal blast was standing on the steps leading up to the porch and the deceased was standing on the porch facing the door.

"6) That the defendant intentionally fired the shotgun intending to hit Holmes, but instead the shot struck the deceased.

"7) That malice is hereby inferred from the use of the shotgun.

"I would supplement them with the additional finding to the effect that the shooting in this case which resulted in the death of the deceased was neither justifiable nor excusable and that I do not find that the defendant at the time he committed the act of shooting was acting in self-defense. Under those circumstances, I believe we have all the essential elements necessary to support a finding of murder in the second degree; and that is the court's finding."

Before discussing the adequacy of the trial court's findings of fact on remand, in order to answer defendant's initial contention that the trial judge erred in drawing an inference of malice from defendant's use of a sawed-off shotgun, we recognize that the finder of fact *may* infer malice from the use of a deadly weapon. *People v Martin,* 392 Mich 553; 221 NW2d 336 (1974). The trial judge could properly infer malice from defendant's use of a shotgun and his statement that "malice is hereby inferred from the use of the shotgun" indicates that is what he did.

With respect to the trial judge's findings of fact in this case, GCR 1963, 517.1, provides in pertinent part:

"In all actions tried upon the facts without a jury or

with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment. It will be sufficient if the court makes brief, definite, and pertinent findings and conclusions upon the contested matters without over elaboration of detail or particularization of facts. If an opinion or memorandum decision is filed, it will be sufficient if the findings and conclusions appear therein."

The purpose of special findings of fact in nonjury criminal cases is to aid appellate review. *People v Matthews,* 53 Mich App 232; 218 NW2d 838 (1974). There are no simple rules as to the sufficiency or specificity required in findings made by a trial court. Nonetheless, the author's comments, 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), pp 594, 595, are helpful:

"The findings must disclose the basis for each ultimate fact necessary to sustain the court's conclusions of law. But a mere recital of the conclusory facts which constitute the elements of the cause of action or defense will often be too general and not specific enough.

\* \* \*

"The findings of fact must include as much of the subsidiary facts as is necessary to disclose the steps by which the trial court reached its ultimate conclusion on each factual issue. The findings should be made at a level of specificity which will disclose to the reviewing court the choices made as between competing factual premises at the critical point that controls the ultimate conclusion of fact. That is, at the point where a given choice as to the concrete facts leads inevitably to the ultimate conclusion, the findings should disclose the choice which was made, so that the appellate court may test the validity of its evidentiary support."

Where it is apparent that the trial judge was aware of the factual issue and resolved it, remand

is not required because further findings would not facilitate appellate review. *People v Jackson, supra,* p 627, fn 3. Such is not the case here.

In the instant case, we are unable to determine how the trial judge reached his result. He concluded that defendant was not acting in self-defense and found him guilty of murder in the second degree. Self-defense requires a showing that:

"(1) the accused was without fault or in other words was not the aggressor in bringing about the conflict; (2) under the circumstances as they appeared to the accused at the time he was in danger of death or of suffering great bodily injury; (3) except where assaulted in his own dwelling, there was no way open to the accused for retreat; and (4) the only recourse lay in repelling the attack by physical means." *People v Bright,* 50 Mich App 401, 406; 213 NW2d 279 (1973) (citations omitted).

However, the trial judge does not say that he disbelieved Lewis' uncontradicted testimony that Holmes shot first or that he found defendant to have used excessive force. See *People v Jackson, supra,* p 628. We realize that it is not an easy task to make special findings of fact years after a trial. Nevertheless, the required findings must cover the trial court's steps with the degree of specificity necessary to disclose the basis for each critical determination. In order to obtain sufficient coverage and adequate specificity, we must remand again for further fact finding on the existing record.

Finally, defendant claims that he is entitled to be resentenced because the sentencing court, following remand for additional findings of fact, relied on a presentence report almost 3 years old when it sentenced defendant to a term of from 10

to 15 years in prison. The trial judge had initially sentenced defendant to a term of from 15 to 20 years in prison. The problem here is not whether the sentencing judge relied on an outdated presentence report in sentencing defendant a second time but whether he could change defendant's sentence at all. Where the sentence originally imposed is valid, the sentencing court has neither the power nor the authority to change or vacate that sentence and subsequently impose a new one. *People v Fox,* 312 Mich 577; 20 NW2d 732 (1945).

Defendant, in this case, was initially sentenced to a term of from 15 to 20 years in prison for the crime of second-degree murder. Following remand, defendant still stood convicted of second-degree murder but the court, for no apparent reason, resentenced him to a term of from 10 to 15 years in prison. This was error and we set aside the sentence following remand and reinstate the original sentence, correcting the minimum to 13 years, 4 months, to comply with the holding in *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972), that issue having been properly preserved for appeal. Defendant's sentence therefore stands at from 13 years, 4 months to 20 years in prison, pending further findings of fact by the trial judge.

Remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.