PEOPLE v STEWART

OPINION OF THE COURT

1. CRIMINAL LAW—PLEA OF GUILTY—BREAKING AND ENTERING—FAC-
   TUAL BASIS FOR PLEA—REMAND.

   A defendant's plea of guilty to a charge of breaking and entering
   with intent to commit larceny was erroneously accepted by the
   trial court where the defendant admitted no facts from which
   any breaking, a necessary element of the crime, can be infer-
   red; such a case should be remanded to allow the prosecutor to
   supply evidence of a breaking, and if shown, the matter should
   be treated as a motion to withdraw the guilty plea, and if not
   shown, the conviction should be set aside.

2. CRIMINAL LAW—SENTENCING—RESENTENCING—AUTHORITY OVER
   DEFENDANT.

   A trial court did not err in setting aside its original sentence and
   resentencing a defendant to a longer minimum term because
   the defendant failed to report to the county jail to begin
   serving his original sentence; the trial judge retains authority
   over a defendant who is free on bond and has not yet begun to
   serve his sentence.

CONCURRENCE IN PART, DISSENT IN PART BY J. H. GILLIS, J.

3. CRIMINAL LAW—SENTENCING—RESENTENCING—INCARCERATION—
   AUTHORITY OVER DEFENDANT.

   *Physical incarceration of a defendant is not a prerequisite to the
   termination of a trial court's authority to modify a sentence,
   and such authority ceases when the court has merely issued its
   sentencing order; therefore, a trial judge erred in vacating a
   defendant's validly-imposed sentence and imposing a new sen-
   tence where the defendant, who was free on bond, failed to
   report to the county jail as ordered to begin serving his sen-
   tence.*

REFERENCES FOR POINTS IN HEADNOTES
[1] 13 Am Jur 2d, Burglary §§ 24–26.
[2, 3] 21 Am Jur 2d, Criminal Law § 569 et seq.

Appeal from Oakland, Richard D. Kuhn, J. Submitted March 4, 1976, at Lansing. (Docket No. 26090.) Decided June 15, 1976.

Toney Stewart was convicted, on his plea of guilty, of breaking and entering with intent to commit larceny. Defendant appeals. Remanded for further proceedings.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Michael J. Modelski,* Assistant Appellate Counsel, for the people.

*Renfrew, Moir & Burgett, P. C.* (by *James W. Heckman),* for defendant on appeal.

Before: D. F. WALSH, P. J., and J. H. GILLIS and R. M. MAHER, JJ.

R. M. MAHER, J. Defendant pled guilty to a charge of breaking and entering a gasoline service station with the intent to commit larceny, MCLA 750.110; MSA 28.305, and on January 7, 1975 was sentenced to a term of 2-1/2 to 10 years in prison with credit given for 157 days awaiting trial and sentence.

The sentencing took place at approximately 2 p.m. in the afternoon and defendant was allowed to report to the Oakland County Jail at 5 p.m. so that he could clear up some business affairs. The trial judge informed defendant that if he failed to appear his $5,000 bond would be cancelled and a bench warrant would issue.

Defendant failed to appear at the jail, was arrested on a bench warrant and on April 11, 1975

was resentenced to a term of 3 to 10 years in prison and given credit for three additional days.

On appeal defendant first claims that the trial court erred in accepting his guilty plea because defendant's statement to the court did not provide an adequate factual basis for the crime to which the plea was offered. We agree.

GCR 1963, 785.7(3)(c) reads as follows:

"If defendant's description of his actions and any otherwise admissable evidence presented to the court on the record during the plea taking proceedings would not substantially support a finding that defendant is in fact guilty of the charged offense or the offense to which he is pleading, the plea shall be rejected by the court."

In the instant case, defendant stated to the court that he and two companions entered the gasoline service station with an intent to commit a larceny. However the defendant denied that he and his companions committed any breaking which is a necessary element of the offense. *People v Keatts,* 54 Mich App 618; 221 NW2d 455 (1974).

The colloquy between the court and the defendant is as follows:

"*The Court:* All right. What you—would you state in your own words what you did?       .

"*Defendant Stewart:* Well, I remember that we were coming from a party that morning and *we pulled up in this gas station and we didn't break no doors to gain entry, but we did go inside of it.*

"*The Court: How did you get in?*

"*Defendant Stewart: Went through a window.*

"*The Court: All right. In other words you had to open the window to get in?*

"*Defendant Stewart: Not really, it was kind of open a little way.*

*"The Court: Was it opened wide enough for you to crawl in?*

*"Defendant Stewart: No, we didn't have to raise the window.*

*"The Court:* But, you did cross through the window?

*"Defendant Stewart:* Yes.

*"The Court: The window was already wide open?*

*"Defendant Stewart: It wasn't exactly wide open, it was about that wide* (indicating).

*"The Court:* You didn't have to touch the window to get in?

"And what was the purpose of going through the window?

*"Defendant Stewart:* Well—well, I guess we was just looking for something, I guess.

*"The Court:* You stated to the Court for the purpose of committing a larceny?

*"Defendant Stewart:* Well, yes.

*"The Court:* I assume that it was a.m. and the station doors were locked?

*"Defendant Stewart:* The doors?

*"The Court:* Yes.

*"Defendant Stewart:* Well, I don't know. I never did touch one of the doors.

*"The Court:* The lights on inside?

*"Defendant Stewart:* Some possibility, some part of it the lights was off.

*"The Court:* Mr. McCarthy?

*"Mr. McCarthy:* Can we approach the bench?

*"The Court:* You may. (Whereupon a discussion was held at the bench.)

*"The Court:* Mr. Stewart, as I understand it there were about three of you involved in this?

*"Defendant Stewart:* Yes, your Honor.

*"The Court: And, I understand that there is a possibility of there being a hole in the window, is it true that maybe one of your companions broke a window and raised it?*

*"Defendant Stewart: No, they didn't.*

*"The Court: In other words, it is your statement that the window was up already?*

*"Defendant Stewart: Yes, your Honor.*

*"The Court:* And, you didn't see any of the other two break the window or raise the window?

*"Defendant Stewart: No, your Honor."* (Emphasis supplied.)

In *Guilty Plea Cases,* 395 Mich 96, 113; 235 NW2d 132 (1975), the Supreme Court stated:

"Noncompliance with a requirement of rule 785.7 may but does not necessarily require reversal.

"Whether a particular departure from rule 785.7 justifies or requires reversal or remand for additional proceedings will depend on the nature of the noncompliance."

This case does not present us with facts admitted by the defendant from which both an inculpatory and exculpatory inference can be drawn, with defendant asserting that the latter is the correct inference. See *Guilty Plea Cases, supra,* at 129, *cf. People v Haack,* 396 Mich 367; 240 NW2d 704 (1976). Here the defendant admits no facts from which any breaking by the defendant or his companions can be inferred.

A remand to allow the prosecutor to supply evidence of a breaking is in order. If he is unable to do so, the judgment of conviction shall be set aside. If evidence of a breaking is produced, since defendant at the plea taking denied any breaking, the matter shall be treated as a motion to withdraw the guilty plea and the court shall decide the matter in the exercise of its discretion. GCR 1963, 785.7(4); *Guilty Plea Cases, supra,* at 129.

The defendant's second claim on appeal is that the trial court erred in setting aside its original sentence and resentencing defendant to a longer minimum term because he failed to report to the

county jail to commence serving his original sentence. This argument is without merit.

2 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 751, p 954 reads as follows:

"Where a sentence has been imposed which is within the range of punishment fixed by statute, and the respondent has been remanded to jail to await removal to prison, the sentence goes into effect and the court thereafter has no power to vacate it and to impose a second sentence. The authority of the trial judge over the respondent ceases when a valid sentence has been pronounced and the respondent enters upon his imprisonment."

See *People v Fox,* 312 Mich 577; 20 NW2d 732 (1945), *People v Chivas,* 322 Mich 384; 34 NW2d 22 (1948). Here the defendant had not yet commenced serving his sentence. He was free on bond and not in the custody of jail officials. He certainly could not have been, and was not, charged with the offense of escape.

Remanded for proceedings consistent with this opinion.

D. F. WALSH, P. J., concurred.

J. H. GILLIS, J. *(concurring in part, dissenting in part).* Although I agree with my brothers' decision regarding defendant's first claim on appeal (inadequate factual basis for the guilty plea), I disagree with their conclusion that the trial court did not err in setting aside its original sentence and resentencing defendant. My brothers apparently read that portion of the Gillespie statement of the general rule that says "authority of the trial judge * * * ceases when * * * the respondent enters upon his imprisonment" to mean that the trial court loses authority to modify a sentence only

where the defendant has actually been incarcerated. I do not, however, subscribe to that interpretation because case law indicates that the sentencing court's authority to modify a valid sentence ceases when the court issues its sentencing order. Furthermore, I am not convinced that either the above-quoted or other similar language remains as a part of the general rule.

Early cases deciding the resentencing issue usually stated the general rule in the following terms: a sentencing judge cannot set aside a valid sentence and resentence the defendant after the defendant "has been remanded to jail to await the execution of the sentence". *In re Richards,* 150 Mich 421, 426; 114 NW 348 (1907). See also *People v Fox,* 312 Mich 577; 20 NW2d 732 (1945), *People v Chivas,* 322 Mich 384; 34 NW2d 22 (1948). In each of those cases, the defendant apparently had been physically incarcerated pursuant to the original sentence prior to resentencing. Therefore, it is not surprising that the Court pointed to that circumstance in announcing the rule. Nevertheless, the fact that the rule against modification of a valid sentence applies where defendant has been incarcerated does not necessarily mean that it does not apply where defendant has not been incarcerated. In fact, the rationale for the above-mentioned cases, which was explained in the earlier case of *People v Meservey,* 76 Mich 223; 42 NW 1133 (1889),[1] suggests that the rule could apply where defendant was not incarcerated before resentencing. *Meservey, supra,* explained its holding as follows:

"The circuit judge had no power at that time to

---

[1] *In re Richards,* 150 Mich 421; 114 NW 348 (1907), *People v Fox,* 312 Mich 577; 20 NW2d 732 (1945), and *People v Chivas,* 322 Mich 384; 34 NW2d 22 (1948), relied primarily on *People v Meservey,* 76 Mich 223; 42 NW 1133 (1889), and *People v Kelley,* 79 Mich 320; 44 NW 615 (1890), which adopted the *Meservey* position.

vacate the sentences, because the authority over the prisoners had passed out of his hands by his own order." 76 Mich at 226.

I believe that that language negates the concept that physical incarceration of the defendant is a prerequisite to termination of the court's authority to modify a sentence and indicates, instead, that such authority ceases when the court has merely issued its sentencing order.

Although later cases often cite *In re Richards, supra, Fox, supra,* and *Chivas, supra,* many do not, in stating the general rule, include the language about "remanded to jail to await the execution of the sentence", and do not, in discussing that rule, refer to any incarceration requirement.[2] *Elliott v Department of Corrections,* 343 Mich 681; 73 NW2d 298 (1955), *People v Parson,* 345 Mich 727; 76 NW2d 805 (1956), *In re Lemire,* 360 Mich 693; 105 NW2d 37 (1960) [dictum], *Moore v Parole Board,* 379 Mich 624; 154 NW2d 437 (1967), *People v Johnson,* 60 Mich App 371; 230 NW2d 438 (1975) [dictum], *People v Robert Jackson,* 63 Mich App 249; 234 NW2d 471 (1975). This de-emphasis on a requirement that defendant actually be incarcerated leads me to conclude that no such requirement presently exists. Thus, I believe the present rule is that a sentencing judge lacks the power to vacate or modify a validly imposed sentence.

Under that rule, the trial judge in the case at bar erred in vacating defendant's original sentence

[2] *People v Williams,* 65 Mich App 531, 533; 237 NW2d 545 (1975), however, states the general rule as follows: "It is well established that a sentencing court does not have the power or authority to change a validly imposed sentence once a defendant begins serving it." But, the defendant in that case had served part of the original sentence prior to resentencing. Thus, *Williams* resembles cases such as *In re Richards, Fox* and *Chivas,* and, as I said in the discussion of those cases, the fact that the Court refers to incarceration in announcing the rule does not mean that the rule is inapplicable where there was no incarceration.

and imposing a new sentence.[3] The trial judge had issued his sentencing order. He not only had announced defendant's original sentence in open court but also had signed both a written statement of defendant's sentence and a document entitled "Certified Copy of Record of Sentence to Any Prison". Furthermore, neither the prosecutor nor the defendant claim that the original sentence is invalid. Consequently, I would set aside the second sentence and reinstate the original sentence.

---

[3] It is possible that the trial court erred even under my brothers' interpretation of the general rule. The record indicates that defendant was held in the county jail for approximately 2 days prior to resentencing. If that incarceration was pursuant to the originally imposed sentence rather than the bench warrant (a matter that I cannot determine from the record), then the defendant was, prior to resentencing, actually in custody and the trial court, consequently, had lost its authority to vacate or modify the original sentence.