## PEOPLE v CORLIN

Docket No. 78-5282. Submitted November 7, 1979, at Grand Rapids.—
    Decided March 4, 1980.

Thomas D. Corlin was charged with two counts of delivery of a
    controlled substance. Subsequently, the defendant was con-
    victed, on his plea of guilty, of one count of delivery of a
    controlled substance, Kent Circuit Court, George R. Cook, J.
    The defendant was sentenced to 12 months in the Kent County
    Jail. It immediately became apparent that the presentence
    report, upon which the sentencing judge relied, erroneously
    stated that the defendant had pled guilty to a charge of
    possession of a controlled substance rather than a charge of
    delivery of a controlled substance. Over the defendant's objec-
    tion, the trial court resentenced the defendant to a term of 3 to
    7 years for delivery of a controlled substance. The defendant
    appeals. *Held:*

Once a trial court imposes a valid sentence, it cannot set
    aside that sentence and impose a new and different one. How-
    ever, to be valid, a sentence must be based on accurate infor-
    mation. In the instant case the defendant's sentence was based
    on clearly erroneous information contained in the presentence
    report. The defendant's first sentence was invalid and the trial
    court acted properly in resentencing the defendant. This was a
    correction in the sentence, not a double sentence. There was no
    double punishment.

Affirmed.

BEASLEY, J., dissented. He would hold that the original sen-
    tence was valid since both the prosecutor and the defense
    attorney called the judge's attention to the fact he was sentenc-
    ing for *delivery* of a controlled substance. He would set aside
    the second sentence and reinstate the original sentence of 12
    months in the county jail.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 569.
[2, 3] 21 Am Jur 2d, Criminal Law §§ 303, 572.

Opinion of the Court

1. CRIMINAL LAW — SENTENCES — SETTING SENTENCE ASIDE — VALIDITY OF SENTENCE.

A sentencing court cannot set aside a valid sentence and impose a new and different one once a valid sentence has been imposed; however, to be valid, a sentence must be based on accurate information.

2. CRIMINAL LAW — SENTENCES — GUILTY PLEA — SENTENCE FOR WRONG OFFENSE.

A sentence based upon an offense other than the offense to which a defendant entered a plea of guilty is invalid and after discovery of the error, the trial court has authority to properly sentence the defendant for the offense to which the plea was entered.

DISSENT BY BEASLEY, J.

3. CRIMINAL LAW — SENTENCES — PLEA OF GUILTY — VALIDITY OF SENTENCE.

*A sentence imposed by a trial judge was valid and the trial judge was without authority to rescind the sentence and impose a new and different sentence where, although the presentence report indicated that the conviction was for an offense other than the one to which the defendant had entered a plea of guilty, the judge was informed at sentencing, by both the prosecutor and the defense attorney, of the mistake and of the proper offense for which the defendant was to be sentenced and the judge then proceeded to sentence the defendant.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *David H. Sawyer,* Prosecuting Attorney, and *Carol S. Irons,* Assistant Prosecuting Attorney, for the people.

*Walter L. Harrison,* for defendant on appeal.

Before: V. J. BRENNAN, P.J., and BEASLEY and G. E. BOWLES,* JJ.

V. J. BRENNAN, P.J. Defendant was originally charged with two counts of delivery of a controlled substance, to-wit: pentobarbital and methaqualone.

* Circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

On August 31, 1978, he pled guilty to one count of delivery of pentobarbital, MCL 335.341(1)(b); MSA 18.1070(41)(1)(b). On October 13, 1978, Judge Cook sentenced defendant to 12 months in the Kent County Jail. Immediately thereupon, it became apparent that the presentence report, upon which Judge Cook relied, erroneously stated that defendant had pled to possession, not delivery, and that the maximum sentence which could be imposed was two years. Judge Cook thereupon adjourned the proceedings one week in order to establish exactly what the conviction was. Defendant's bond was revoked and he was remanded to Kent County Jail.

On October 20, 1978, defendant was returned to court. Acknowledging that his previous sentencing of defendant was based upon an error contained in the presentence report, Judge Cook, over objection of defense counsel, resentenced the defendant to 3 to 7 years for delivery of pentobarbital, crediting him with the 2 days previously served. The crime for which defendant was originally and erroneously sentenced carried a maximum sentence of 2 years. MCL 335.341(4)(b); MSA 18.1070(41)(4)(b). The crime to which defendant pled guilty carries a maximum sentence of 7 years. MCL 335.341(1)(b); MSA 18.1070(41)(1)(b).

Relying upon *People v Fox,* 312 Mich 577; 20 NW2d 732 (1945), defendant correctly argues that once the trial court imposes a valid sentence, it cannot set aside that sentence and impose a new and different one. See *People v Meservey,* 76 Mich 223, 226; 42 NW 1133 (1889), and *People v Kelley,* 79 Mich 320, 321; 44 NW 615 (1890). To be valid, however, the sentence must be based on accurate information. *United States v Tucker,* 404 US 443; 92 S Ct 589; 30 L Ed 2d 592 (1972), *People v*

*Malkowski,* 385 Mich 244, 249; 188 NW2d 559
(1971), *People v Zachery Davis,* 41 Mich App 683,
692; 200 NW2d 779 (1972). Here defendant's sen-
tence was based on clearly erroneous information
contained in the presentence report.

A sentence based upon an offense to which
defendant has not pled guilty is invalid and after
discovery of the error the trial court has authority
to properly sentence defendant for the offense to
which he did plead. *In re Pardee,* 327 Mich 13, 18;
41 NW2d 466 (1950), and *People v Johnson,* 60
Mich App 371; 230 NW2d 438 (1975). *People v
Johnson, supra,* is virtually identical to the instant
case. In *Johnson,* defendant pled guilty to charges
of gross indecency and assault with intent to rob
being unarmed. Based on an error in the presen-
tence report, he was sentenced to two concurrent 3
to 5 year sentences for gross indecency and at-
tempted robbery not armed. When the error was
subsequently discovered, the trial court changed
one of defendant's two 3 to 5 year sentences to 5 to
15 years for assault with attempt to rob being
unarmed. Upon appeal we affirmed. The error in
the *Johnson* presentence report was not discovered
until after sentencing and thus differs from the
instant case where there was some discussion as to
the existence of a possible mistake prior to sen-
tencing. This factual disparity, however, is a dis-
tinction without a difference not requiring a differ-
ent result.

Defendant also argues that in contravention of
*North Carolina v Pearce,* 395 US 711, 717; 89 S Ct
2072; 23 L Ed 2d 656 (1969), he has been twice
punished for the same offense. We disagree. The
sentence of 3 to 7 years is a correction of the first
sentence, not a double sentence. *In re Pardee,
supra,* at 18.

Affirmed.

G. E. Bowles, J., concurred.

Beasley, J. *(dissenting).* I respectfully dissent.
The sentencing was as follows:

"MR. HOEKSTRA *[Prosecuting Attorney]:* May it
please the Court, this is criminal case number 22775,
the People of the State of Michigan v Thomas David
Corlin. Mr. Corlin is here represented by his attorney,
Wade Seys, and is here for purposes of *sentencing* on
the charge of *delivery* of a controlled substance.

"There may be some confusion here, your Honor; I've
been informed that the pre-sentence indicates that the
charge was possession—yes, and this is a case that I,
myself, handled, and I think Mr. Seys would agree that
the plea, or the agreement at least, was to plead to a
delivery charge.

"MR. SEYS *[Defense counsel]:* That's correct.

"THE COURT: Mr. Seys?

"MR. SEYS: I have read the pre-sentence report, your
Honor, and I find it complete except for that one
exception, and I have no further comment.

"THE COURT: Mr. Corlin, do you have anything to
say before sentence is imposed?

"THE DEFENDANT: No.

"THE COURT: It is the sentence or judgment of this
Court that you be remanded to the custody of the Kent
County Jail for a period of 12 months, with two days
credit for time previously served, that sentence to com-
mence October 13, 1978.

"This is a final sentence or judgment of this Court
and you can appeal to the Court of Appeals as a matter
of right within the next 60 days, and the Clerk is now
handing you a form showing you how to take or perfect
that appeal, and if you cannot afford an attorney to do
it, the People will provide one for you at no cost or
expense to yourself." (Emphasis added.)

I would hold that the trial court imposed a valid

sentence upon defendant. Both attorneys called
the judge's attention to the fact that he was sen-
tencing for *delivery* of a controlled substance, after
which he described his sentence as a *final sen-
tence,* subject to appeal. It was only after sentence
that the trial court had second thoughts.

Unlike *People v Johnson*,[1] this sentence is not
based upon an offense to which defendant had not
pled guilty. Rather, I would find this case con-
trolled by *People v Robert Jackson*[2] and *People v
Fox*.[3]

I would vote to set aside the sentence subse-
quently imposed and to reinstate the initial sen-
tence of 12 months in the county jail.

[1] 60 Mich App 371; 230 NW2d 438 (1975).

[2] 63 Mich App 249, 255; 234 NW2d 471 (1975).

[3] 312 Mich 577; 20 NW2d 732 (1945).