PEOPLE v SCANNER

Opinion of the Court

1. Criminal Law—Sentences—Probation—Conditions of Proba-
    tion.

    An unconditional sentence of probation is imposed where an
    "Order of Probation" contains special instructions which re-
    quire the defendant to be screened for the purpose of detecting
    drug use but does not make the order conditional upon the
    results of the test.

2. Criminal Law—Sentences—Altering Sentences.

    Once a valid sentence is imposed, the sentencing judge loses the
    power to vacate that sentence and impose a new one.

Concurrence by T. M. Burns, J.

3. Criminal Law—Sentences—Presentence Information—Verac-
    ity of Information—Opportunity to Rebut.

    *The judge must make a determination as to the veracity of the
    information and offer the defendant an opportunity to rebut
    any challenged material, where it is claimed that presentence
    information is inaccurate.*

4. Criminal Law—Sentences—Due Process.

    *The information upon which a judge may properly rely in setting
    a sentence is limited by the dictates of due process.*

5. Criminal Law—Sentences—Considerations.

    *A sentence may be invalid if based upon inaccurate or inappro-
    priate considerations.*

References for Points in Headnotes
[1] 21 Am Jur 2d, Criminal Law §§ 564, 565.
[2] 21 Am Jur 2d, Criminal Law §§ 533, 569–572.
[3] 21 Am Jur 2d, Criminal Law §§ 303, 527 (supp).
[4] 21 Am Jur 2d, Criminal Law §§ 540, 581.
[5] 21 Am Jur 2d, Criminal Law §§ 533–546, 569, 572.
[6] 21 Am Jur 2d, Criminal Law § 569.

6. CRIMINAL LAW—SENTENCES—ALTERING SENTENCES.
    *Reversible error is committed where a judge relies upon inconclusive and challenged information in altering a defendant's sentence.*

Appeal from Recorder's Court of Detroit, James Del Rio, J. Submitted June 7, 1976, at Detroit. (Docket Nos. 23353, 23504.) Decided August 3, 1976.

Kathallen Scanner was convicted, on her plea of guilty, of two charges of larceny under $100 and placed on probation. Subsequently probation was withdrawn and defendant sentenced to the Detroit House of Correction. Defendant appeals. Probation reinstated.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Don W. Atkins,* Assistant Prosecuting Attorney, for the people.

*John L. Barkai,* for defendant.

Before: J. H. GILLIS, P. J., and T. M. BURNS and W. VAN VALKENBURG,* JJ.

J. H. GILLIS, P. J. On January 29, 1975, defendant Kathallen Scanner pled guilty before Detroit Recorder's Court Judge James Del Rio to two charges of larceny under $100, MCLA 750.356; MSA 28.588. After Judge Del Rio accepted defendant's pleas, he said:

"All right, Madam. The court is going to place you on two years probation and indicate to you that the condi-

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

tion of probation that you will report to the—do you have a drug habit, Madam?"

Defendant denied having a drug habit, and Judge Del Rio responded:

"Well, you will be screened anyhow. You will see the drug screening program and well, I want a report on her before she leaves here today because frankly, I cannot understand anything like this happening.

"Now, secondly, if that comes up clean from the screening test, I am putting you on two years probation and indicate to you that if you get into any problems or get any convictions or get convicted of a crime or get involved in any criminal activity while you are on probation with me, you will serve your full one hundred and eighty days in the Detroit House of Correction."

On the same day, the judge signed a document entitled "Order of Probation." That document states:

"At a session of court held in Detroit on the 29th day of January 1975, defendant was convicted of having committed the crime of Larc u/ $100.00. It is therefore ordered: That defendant on this 29th day of January 1975 be placed on probation for a term of 2 yrs."

Near the bottom of the form, next to the printed words "Special Instructions," the following words were written, "To be screened by Narc Div at Recorder's Crt". The form contained a list of the general conditions of probation and also provided space for listing any special conditions of probation. It did not in any place state that the order of probation was conditioned upon the results of the drug test.

Several days later, because the test indicated the

presence of drugs in defendant's urine, defendant was again brought before Judge Del Rio, who said:

"The court has indicated to this young lady and also at the time of plea if she had any drug problem and she indicated that she didn't and also I indicated to her if her urine came up dirty that she would serve time. So, rather than place her on two years probation at this time I'm going to give her three months time in the Detroit House of Correction and *withdraw* the probation sentence." (Emphasis supplied.)

Defendant now appeals as a matter of right, claiming that the trial judge erred in sentencing her to 90 days in the Detroit House of Correction. We agree. Although the record is murky regarding the effect of Judge Del Rio's actions of January 29, 1975, we believe the judge, on that date, unconditionally sentenced defendant to two years probation. Both Judge Del Rio's initial remarks regarding his intent to place defendant on probation and his signing of the "Order of Probation" support this conclusion. In addition, Judge Del Rio on February 6, 1975, stated that he was withdrawing the probation sentence.

Once a valid sentence is imposed, the sentencing judge loses the power to vacate that sentence and impose a new one. *People v Robert Jackson,* 63 Mich App 249; 234 NW2d 471 (1975). Thus, Judge Del Rio had no power to change defendant's original sentence. Consequently, we set aside the sentence of 90 days in the Detroit House of Correction and reinstate the sentence of two years probation.

W. VAN VALKENBURG, J., concurred.

T. M. BURNS, J. (concurring). I agree that the 90-day sentence must be set aside.

While a sentencing judge exercises discretion in

setting sentence, the information upon which the judge may properly rely is limited by the dictates of due process. *People v Lee,* 391 Mich 618; 218 NW2d 655 (1974). Particularly, a sentence may be invalid if based upon inaccurate or inappropriate considerations. *People v Lee, supra, United States v Tucker,* 404 US 443; 92 S Ct 589; 30 L Ed 2d 592 (1972). Where it is claimed that presentence information is inaccurate, the judge must make a determination as to the veracity of the information and offer the defendant an opportunity to rebut any challenged material. *Collins v Buchkoe,* 493 F2d 343 (CA 6, 1974).[1] See also *People v Zachery Davis,* 41 Mich App 683; 200 NW2d 779 (1972).

In the instant case, the sentencing judge stated that the defendant's sentence would be two years probation unless a court-ordered urine analysis indicated that the defendant was using "drugs". At a later hearing, it was reported that "drugs" were found in defendant's system, but their identity, apparently, was never determined. Defense counsel asserted that the positive results of the test were due to the presence in defendant's system of prescribed medicine and requested an opportunity to obtain proof of such fact. The sentencing judge concluded that further inquiry was neither practical nor necessary.

It is my conclusion that the judge relied upon the inconclusive and challenged information in altering defendant's sentence, and in doing so, committed reversible error. For that reason I agree that the sentence of imprisonment must be set aside. ·

---

[1] *See also, Townsend v Burke,* 334 US 736; 68 S Ct 1252; 92 L Ed 1690 (1948).