BAKER *v.* LANSING COMPANY.

1. Appeal and Error—Questions Reviewable.
    Upon denial, without prejudice, of appeal from denial of motion to dismiss bill because of lack of jurisdiction, the question of jurisdiction was left open for consideration on the record at the hearing of the case.

2. Equity—Jurisdiction—Hearing on Merits—Pleading—Record.
    After hearing on the merits, the test of whether plaintiff had an adequate remedy at law or the court of equity had juris-

---

Inadequacy of money damages as ground for equitable relief, see 2 Restatement, Contracts, 358 (d).

diction is not made from a favorable consideration of the allegations of the bill but whether, under the record, plaintiff's remedy at law was adequate.

3. SAME—DAMAGES.

Damages are not recoverable in equity where no case for equitable relief is made out to which the damages would be applicable or subsidiary.

4. ACCOUNTING—LOGGING CONTRACT—DISCOVERY.

Under record showing that the director of defendant corporation on his own account purchased various tracts of standing timber, logged it and sold the usable lumber in logs to be scaled by defendant at an agreed price per thousand feet, neither a trust or joint adventure relationship was created requiring an accounting in order to permit plaintiff, successor in interest to such director, to recover a claimed debt arising out of contract in view of the right to have discovery of books, papers and documents afforded by court rule (Court Rule No. 40 [1933]).

5. DISCOVERY—EQUITY.

The need for discovery of books, papers and documents in an action at law does not constitute ground for equitable interference (Court Rule No. 40 [1933]).

6. EQUITY—JURISDICTION—LOGGING CONTRACT—DEBT.

Recovery of a claimed debt arising out of contract respecting certain logging operations, entered into between a director in his own right and defendant corporation, would not deprive defendant of right to be sued, if at all, in county wherein its place of business was located, with privilege of trial by jury where employment of equitable principles or procedure was not required.

7. SAME—JURISDICTION—TRANSFER OF CAUSES.

Bill is dismissed where suit was brought in equity, such court has no jurisdiction, and there can be no remand to law side of circuit court for county in which suit was brought, defendant corporation's place of business being in another county.

Appeal from Jackson; Simpson (John), J. Submitted November 29, 1943. (Docket No. 95, Calendar No. 42,518.) Decided December 29, 1943.

Bill by Madeline W. Baker against Lansing Company, a Michigan corporation, for accounting,

money decree and injunction.  Decree for plaintiff.
Defendant appeals.  Reversed and bill dismissed.

*Bisbee, McKone, Badgley & McInally,* for plaintiff.

*Cummins & Cummins (Benjamin Kleinstiver,* of counsel), for defendant.

WIEST, J.  The bill in this suit was filed to obtain a money decree for lumber sold to defendant.  The suit was brought in the circuit court for the county of Jackson, in chancery.  Defendant's place of business is in Ingham county and an action at law could not be brought against it in Jackson county.  Defendant moved to dismiss the bill on the ground that the allegations therein stated an action, if any, at law and not one of equity jurisdiction.  The motion was denied in the circuit court and an appeal therefrom was denied by this court but "without prejudice."  This left the question of equity jurisdiction open for consideration on the record at the hearing of the case.  The case has been heard in the circuit court and a money decree granted plaintiff.  Defendant, having saved the question of jurisdiction, appeals and we now have the record upon the question of equity jurisdiction in the premises.  Plaintiff's contention that the allegations in the bill must be given favorable consideration and governs the question of jurisdiction is, after hearing, no longer the test.  The test now is whether, under the record, plaintiff had an adequate remedy at law.

It was held in *Bourget* v. *Monroe,* 58 Mich. 563, quoting syllabus:

"Damages are not recoverable in equity where no case for equitable relief is made out to which the damages would be applicable or subsidiary."

See, also, *Schook* v. *Zimmerman*, 188 Mich. 617; *Sharon* v. *Fee*, 203 Mich. 152.

It appears that one Jesse N. Baker, who was a director in defendant company, on his own account, purchased various tracts of standing timber, logged the same and sold the usable lumber in the logs to be scaled by defendant at an agreed price per thousand feet. Mr. Baker died March 4, 1938, and under probate proceedings his claim, if any, against defendant was vested in plaintiff and she brought this suit to obtain recovery of the sum claimed due. After the death of Mr. Baker plaintiff for some time carried on like business with defendant.

Plaintiff's money decree is based upon claimed admissions by defendant's officers in letters, by testimony at the hearing and the record books of the company.

There was no accounting necessary or had from plaintiff's standpoint. The fact that it was left to defendant to scale and tally the usable lumber did not create a trust in any sense of law or equity. Inspection by defendant of proposed tracts of standing timber, to be purchased by Mr. Baker, logged, and the usable lumber sold to defendant, did not create a joint adventure relationship. If plaintiff needed any discovery of books, papers and documents there was ample means for obtaining the same in an action at law. Court Rule No. 40 (1933), and it is no ground for equitable interference. *Austin* v. *Socony Vacuum Oil Co.*, 291 Mich. 513; *Terranova* v. *Cottrell Block Construction Co.*, 302 Mich. 417.

The suit was to recover a claimed debt arising out of contract. Recovery did not involve any employment of equitable principles or procedure depriving defendant of the right to be sued, if at all, in an action at law in Ingham county, with privilege of trial by jury.

The court of equity had no jurisdiction and the decree is reversed. As there can be no remand to the law side of the circuit court for the county of Jackson,* the bill is dismissed with costs to defendant.

BOYLES, C. J., and CHANDLER, NORTH, STARR, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.