PEOPLE v GRIER

Docket No. 79473. Submitted August 7, 1985, at Lansing. Decided
    March 25, 1986. Leave to appeal denied, 425 Mich —.

Nathaniel Grier pled guilty in Oakland Circuit Court to a charge
    of armed robbery and was sentenced to from ten to twenty
    years in prison, Farrell E. Roberts, J. Approximately three
    years later, defendant filed a motion to have his sentence
    vacated on the ground that the sentence imposed was excessive
    and allegedly was based upon consideration of a prior convic-
    tion listed in the presentence report that was subsequently
    reversed. The court, Fred M. Mester, J., resentenced defendant
    to from six to twenty years in prison. The people appeal. *Held:*

    1. Appeals by prosecutors in criminal cases are allowed only
    from a decision based on the invalidity or construction of a
    statute or from a decision or judgment sustaining a special plea
    in bar when the defendant has not been put in jeopardy.
    Jeopardy attached in this case at the time defendant was
    sentenced, thus the appeal is not properly before the Court of
    Appeals.

    2. Despite the fact that the appeal is not properly before the
    Court of Appeals, the Court, treating the claim of appeal as a
    complaint for an order of superintending control, exercised its
    discretionary authority and considered the prosecutor's claim
    that the trial court exceeded its powers in vacating defendant's
    original sentence and resentencing him.

    3. The trial court did not exceed its authority in resentencing
    the defendant. A defendant has a right to be resentenced where
    his sentence is based upon inaccurate information in the pre-
    sentence report. The subsequent reversal of one of defendant's
    convictions which was listed in the presentence report rendered

REFERENCES

Am Jur 2d, Appeal and Error § 268.

Am Jur 2d, Criminal Law §§ 528, 535, 538, 580.

Supreme Court's views of Fifth Amendment's double jeopardy
    clause pertinent to or applied in federal criminal cases. 50 L Ed
    2d 830.

See also the annotations in the ALR3d/4th Quick Index under
    Sentence and Punishment.

the report inaccurate and, because the original sentencing court did not articulate on the record its considerations in sentencing defendant, the judge who resentenced defendant was unable to determine whether the sentence imposed would have been different if the original sentencing court had known that the conviction would be reversed.

Affirmed.

1. CRIMINAL LAW — PROSECUTING ATTORNEYS — APPEAL.

Appeals by prosecutors in criminal cases are allowed only from a decision based on the invalidity or construction of a statute or from a decision or judgment sustaining a special plea in bar when the defendant has not been put in jeopardy (MCL 770.12; MSA 28.1109).

2. CRIMINAL LAW — SENTENCING — APPEAL.

An otherwise valid sentence may be vacated on the basis of excessiveness if the trial court abused its discretion to the extent that it shocks the conscience of the appellate court.

3. CRIMINAL LAW — SENTENCING — PRESENTENCE REPORTS — REMEDIES.

A defendant has a right to be resentenced where his sentence is based upon inaccurate information in the presentence report.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Robert F. Davisson,* Assistant Prosecuting Attorney, for the people.

*Lawson & Lawson, P.C.* (by *David H. Lawson*), for defendant on appeal.

Before: HOOD, P.J., and D. E. HOLBROOK, JR., and D. P. KERWIN,* JJ.

PER CURIAM. On October 27, 1981, defendant pled guilty to armed robbery, MCL 750.529; MSA 28.797, before Oakland Circuit Judge Farrell E. Roberts, who sentenced him to ten to twenty years

---

* Recorder's court judge, sitting on the Court of Appeals by assignment.

in prison. On June 1, 1984, pursuant to a subsequent motion by defendant, Judge Roberts's successor, Oakland Circuit Judge Fred M. Mester, resentenced defendant to six to twenty years in prison. The prosecutor appeals by leave granted.

The first issue we address is whether this appeal is properly before us.

In *People v Cooke,* 419 Mich 420, 427; 355 NW2d 88 (1984), our Supreme Court held that appeals by prosecutors in criminal cases are allowed only in the specific circumstances set forth in § 12 of the Code of Criminal Procedure, MCL 770.12; MSA 28.1109. These circumstances are limited to an appeal from a decision based on the invalidity or construction of a statute or "a decision or judgment sustaining a special plea in bar, when the defendant has not been put in jeopardy." 419 Mich 426, quoting MCL 770.12; MSA 28.1109.

In this case, the prosecutor appeals by leave granted, causing him to argue that § 12 was intended to limit only appeals of right, not appeals by application. In support of his argument, the prosecutor points to *Cooke, supra,* in which the Court stated that the "Legislature's intent that appeals by the people be governed by the specific provisions of § 12 . . . is also demonstrated by its subsequent amendment, in 1980, of § 3 of the same part of the Code of Criminal Procedure." 419 Mich 430. This amendment inserted in subsection (1) of § 3 the following:

> *Subject to the limitations imposed by section 12* of this chapter, an aggrieved party shall have a right of appeal from a final judgment or trial order as follows . . . . [MCL 770.3; MSA 28.1100. Emphasis added.]

The prosecutor reasons that, since the amend-

ment of § 3 was only of subsection (1) dealing with appeals as of right, the remaining subsections of § 3 dealing with appeals by application remain unrestricted by § 12.

The prosecutor's argument is disingenuous. Nothing in § 3 indicates an intent by the Legislature to give the prosecutor a greater ability to appeal by application than exists as of right. Therefore, we conclude that the provisions of § 12 control appeals by application as well as appeals as of right.

The only provision of § 12 which could possibly apply to the case at bar is subsection (1)(c) which allows appeals "[f]rom a decision or judgment sustaining a special plea in bar, when the defendant has *not* been put in jeopardy . . . ." (Emphasis added.) Because defendant pled guilty in this case, jeopardy attached when the sentence was imposed. *People v Leonard,* 144 Mich App 492; 375 NW2d 745 (1985); *People v Alvin Johnson,* 396 Mich 424, 431 n 3; 240 NW2d 729 (1976); *People v Rose,* 117 Mich App 530, 535; 324 NW2d 25 (1982); *People v Burt,* 29 Mich App 275, 277; 185 NW2d 207 (1970). While arguably jeopardy vanished when the trial court vacated defendant's original sentence, it attached again at resentencing. Therefore, § 12 does not permit the instant appeal.

However, because the prosecutor contends that the trial court exceeded its powers in vacating defendant's original sentence and resentencing him, we exercise our discretionary authority under GCR 1963, 820.1(7) and consider the claim of appeal as a complaint for an order of superintending control. GCR 1963, 711.4(a). See *People v Barnes,* 142 Mich App 679; 369 NW2d 882 (1985).

Turning to the merits of the prosecutor's appeal, we conclude that the trial court did not exceed its authority in resentencing the defendant.

In *People v Whalen,* 412 Mich 166, 169-170; 312 NW2d 638 (1981), our Supreme Court explained the trial court's limited authority to resentence a defendant:

> In *People v Fox,* 312 Mich 577, 582; 20 NW2d 732 (1945), this Court held that a trial court is without authority to set aside a valid sentence and impose a new one, because to do so "would infringe upon the exclusive power of the governor under the Constitution to commute sentence".
>
> A court's authority to resentence depends, therefore, on whether the previously imposed sentence is invalid. Clearly a sentence beyond statutory limits is invalid. A sentence within statutory limits may also be invalid on a number of grounds. It is invalid if the sentencing court relies on constitutionally impermissible considerations, such as the defendant's constitutionally infirm prior convictions, or improperly assumes a defendant's guilt of a charge which has not yet come to trial, or the court fails to exercise its discretion because it is laboring under a misconception of the law, or conforms the sentence to a local sentencing policy rather than imposing an individualized sentence. More recently, this Court has held invalid sentences which do not comply with essential procedural requirements such as failure to utilize a "reasonably updated" presentence report or to provide the defendant and his counsel with the opportunity to address the court before sentence is imposed.

In the case at bar, the trial court was asked to vacate defendant's sentence because the sentence was excessive and was allegedly based upon consideration of a prior conviction listed in the presentence report that was subsequently reversed.

An otherwise valid sentence may be vacated on the basis of excessiveness if the trial court abused its discretion to the extent that it shocks the

conscience of the appellate court. *People v Coles,*
417 Mich 523, 550; 339 NW2d 440 (1983). The
record reveals that prior to the instant conviction
defendant had four felony convictions, one of
which, an armed robbery conviction, was reversed
on a technical error in the plea-taking procedure.[1]
Because of defendant's recidivistic background,
defendant's original sentence of ten to twenty
years for armed robbery does not shock the con-
science of this Court. Therefore, we conclude that
the trial court could not have found the defen-
dant's conviction invalid on this basis.

However, a defendant has a right to be resen-
tenced where his sentence is based upon inaccu-
rate information in the presentence report. *People
v Lauzon,* 84 Mich App 201, 208-209; 269 NW2d
524 (1978); *People v Malkowski,* 385 Mich 244, 249;
188 NW2d 559 (1971). The subsequent reversal of
one of defendant's convictions which was listed in
the presentence report rendered the report inaccu-
rate.

Moreover, the original sentencing court did not
articulate on the record its consideration in sen-
tencing the defendant.[2] While not every sentence
must be vacated because a presentence report
refers to a reversed conviction, see *People v Holle-*

---

[1] The reversed conviction stemmed from defendant's plea of guilty
to an armed robbery charge. It was reversed for failure of the trial
court to inform defendant at the plea proceeding that armed robbery
is a nonprobationable offense and of the mandatory minimum sen-
tence. *People v Grier* (Docket No. 61051, decided February 2, 1983
[unreported]). We note that these omissions are no longer reversible
error per se. See *People v Jackson,* 417 Mich 243, 246; 334 NW2d 371
(1983). Therefore, we decline to hold that defendant's prior conviction
was constitutionally infirm. Compare *People v Moore,* 391 Mich 426;
216 NW2d 770 (1974).

[2] Defendant's original sentencing predated our Supreme Court's
mandate in *People v Coles,* 417 Mich 523, 549; 339 NW2d 440 (1983),
that the trial court must articulate on the record its reasons for
imposing the sentence given. This accounts for the original sentencing
judge's failure to articulate his reasons on the record.

*man,* 138 Mich App 108, 116; 358 NW2d 897 (1984), the successor trial court in this case was unable to determine whether the sentence imposed would have been different had the conviction been reversed prior to the original sentencing. *People v Gains,* 129 Mich App 439, 449; 341 NW2d 519 (1983). Therefore, the trial court was correct in resentencing the defendant on this basis and we find no reason to reverse.

Affirmed.