PEOPLE v WILLIS

Docket No. 117085, 118596. Submitted February 8, 1990, at Lansing. Decided March 19, 1990. Leave to appeal applied for.

Nancy Louise Willis pled guilty in Genesee Circuit Court, Valdemar L. Washington, J., to one count of delivery of less than 50 grams of a mixture containing cocaine. The offense occurred on March 30, 1988, the guilty plea on September 22, 1988, and sentencing on October 6, 1988. Defendant was sentenced to a term of from five to twenty years in accordance with the second edition of the Sentencing Guidelines, which became effective on October 1, 1988. Defendant moved for resentencing, contending that use of the second edition of the guidelines, which provided a higher minimum sentence range for this offense than the first edition, in effect at the time of the offense and guilty plea, represented an ex post facto increase in the punishment applicable to the offense. The motion was granted and defendant was resentenced to a sentence identical to the one originally imposed. The court on resentencing used the first edition of the guidelines, articulating reasons why a sentence outside those guidelines is appropriate. The prosecution appealed from the court's granting of the motion for resentencing. Defendant filed a separate appeal claiming her sentence is excessive and that imposition of that sentence is an abuse of the trial court's discretion. The appeals have been consolidated.

The Court of Appeals *held:*

1. Inasmuch as the guidelines do not increase punishment or create presumptive sentences, but merely assist the sentencing judge while conveying no substantive rights to the defendant, they are procedural, and the retroactive application of the revised guidelines does not violate ex post facto considerations.

2. A trial court lacks the power to grant resentencing unless the original sentence imposed was invalid. Because there was no error as to the court's initial use of the second edition of the

REFERENCES

Am Jur 2d, Constitutional Law §§ 641, 643; Criminal Law §§ 598, 599.

Supreme Court's views as to what constitutes an ex post facto law prohibited by federal constitution. 53 L Ed 2d 1146.

guidelines and no other cognizable error invalidating the first sentence has been identified, the trial court was without power to grant resentencing. The defendant's original sentence is reinstated and the sentence imposed at resentencing is vacated.

Reversed. Defendant's original sentence is reinstated.

1. CRIMINAL LAW — COURTS — SENTENCING — RESENTENCING.

A trial court has the power to grant resentencing only where the original sentence imposed was invalid.

2. CRIMINAL LAW — SENTENCING GUIDELINES — EX POST FACTO LAWS.

The Sentencing Guidelines are procedural rather than substantive in nature; retroactive application of the revised Sentencing Guidelines after their effective date to a crime which occurred prior to their effective date does not violate the ex post facto prohibitions of the United States and Michigan Constitutions (US Const, art I, § 10, cl 1; Const 1963, art 1, § 10).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *G. L. Christopherson,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Chari K. Grove),* for defendant on appeal.

Before: WEAVER, P.J., and SHEPHERD and GRIFFIN, JJ.

WEAVER, P.J. Both parties have separately filed claims of appeal from an April 20, 1989, judgment, resentencing defendant on the basis of her guilty plea to one count of delivery of less than 50 grams of a mixture containing cocaine, a violation of § 7401(2)(a)(iv) of the Public Health Code. MCL 333.7401 (2)(a)(iv); MSA 14.15(7401)(2)(a)(iv).

Although the controlled substance provisions of the Public Health Code have been repeatedly amended, the parties agree that defendant's offense was subject to a mandatory one year mini-

mum to a twenty year maximum sentence, with the minimum sentence to be fashioned by the trial judge, using discretion informed by the Sentencing Guidelines.

Defendant's offense was committed, and guilty plea entered, while the original version of the Sentencing Guidelines was in effect; however, sentence was originally imposed after October 1, 1988, when the second edition of the Sentencing Guidelines was in effect and its use mandated by Administrative Order No. 1988-4.

Defendant moved for resentencing, contending that use of the second edition of the Sentencing Guidelines, which provided a higher guideline range for this offense than the first edition, represented an ex post facto increase in the punishment applicable to the offense. The motion for resentencing was granted on March 9, 1989.

At that time, the prosecutor filed an application for leave to appeal; that application, however, was denied "for failure to persuade the Court of the need for immediate appellate review." Such a nonsubstantive disposition means that there is no law of the case, and thus denial of that application does not foreclose the parties from pursuit of the same or related issues on later appeals of right. *Dinius v Bolibrzuch,* 270 Mich 618; 259 NW 156 (1935); *Baker v Lansing Co,* 307 Mich 493; 12 NW2d 377 (1944).

On April 20, 1989, defendant was resentenced, receiving a sentence identical to that originally imposed. The circuit court, however, now used the first edition of the Sentencing Guidelines, articulating reasons why a sentence outside those guidelines is appropriate.

Defendant initially challenges the jurisdiction of this Court to entertain the prosecutor's claim of appeal.

Defendant argues that MCL 770.12; MSA 28.1109 does not allow the prosecutor to appeal an order of resentencing. We need not address this issue, because where the prosecutor contends that the trial court exceeded its powers in vacating an original sentence, this Court has discretion to treat a claim of appeal as a complaint for superintending control. *People v Grier,* 152 Mich App 129; 393 NW2d 551 (1986), lv den 425 Mich 878 (1986).

A trial court lacks the power to grant resentencing unless the original sentence imposed was invalid. *People v Whalen,* 412 Mich 166; 312 NW2d 638 (1981). Therefore, if the trial court granted defendant's motion for resentencing in the absence of a cognizable error affecting the first sentence, it clearly exceeded its authority and thereby infringed on the Governor's exclusive power of commutation and pardon, Const 1963, art 5, § 14; *People v Fox,* 312 Mich 577; 20 NW2d 732 (1945), and this Court would then have superintending control jurisdiction. *In re People v Burton (Wayne County Prosecutor v Recorder's Court Judge),* 429 Mich 133; 413 NW2d 413 (1987).

Since the decision granting resentencing, this Court has had opportunity to address the question of whether application of the second edition of the Sentencing Guidelines retroactively violates federal or state ex post facto prohibitions. Inasmuch as the guidelines do not increase punishment or create presumptive sentences, but merely assist the sentencing judge while conveying no substantive rights to the defendant, they are procedural, and the retroactive application of the revised guidelines does not violate ex post facto considerations. *People v Potts,* 181 Mich App 311; 448 NW2d 820 (1989).

No other cognizable error invalidating the first sentence having been identified, the trial court

was without power to grant resentencing, *People v Whalen, supra,* and therefore this Court orders, pursuant to MCR 7.216(A)(7), that the defendant's original sentence is reinstated, and the sentence imposed at resentencing is hereby vacated.

This obviates the need to discuss or address the questions raised by defendant concerning the propriety of the resentencing vis-à-vis the first edition of the Sentencing Guidelines or whether the trial court articulated sufficient and adequate reasons for a sentence outside those guidelines.

Reversed. The original sentence is reinstated.