PEOPLE v STORY

Docket No. 128266. Submitted September 12, 1991, at Lansing. Decided October 8, 1991, at 9:40 A.M.

Dan L. Story pleaded guilty in the Genesee Circuit Court, Earl E. Borradaile, J., of delivery of less than fifty grams of cocaine and was sentenced to five years' probation, with the first sixty days to be served in the county jail. The prosecutor appealed, claiming that the sentence is invalid.

The Court of Appeals *held:*

Pursuant to MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv), a person convicted of delivering less than fifty grams of cocaine must be imprisoned for not less than one year nor more than twenty years, and fined not more than $25,000, or placed on probation for life. However, MCL 333.7401(4); MSA 14.15(7401)(4) provides that a court may depart from the minimum term of imprisonment of one year if the court finds on the record that there are substantial and compelling reasons for doing so. Because probation is not a term of imprisonment, the only departure authorized under subsection 4 would be a minimum term of imprisonment for less than one year. The sentence of five years' probation in this case represented a departure that was not authorized.

Sentence vacated and case remanded for resentencing.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Gladys L. Christopherson,* Assistant Prosecuting Attorney, for the people.

*Michael J. Breczinski,* for the defendant.

Before: FITZGERALD, P.J., and MACKENZIE and WEAVER, JJ.

PER CURIAM. Defendant pleaded guilty of delivery of less than fifty grams of cocaine, MCL

333.7401(2)(a)(iv); MSA 14.15(7401) (2)(a)(iv). On April 3, 1990, defendant was sentenced to five years' probation, with the first sixty days to be served in jail. The prosecutor then moved for resentencing on the basis that the sentence was not authorized by the statute. The trial court ruled that the sentence was authorized by MCL 333.7401(4); MSA 14.15(7401)(4). In this prosecutorial appeal, the sole issue concerns whether the trial court misconstrued MCL 333.7401(4); MSA 14.15(7401)(4). We hold that the trial court committed legal error in its interpretation of the statute and that the error requires resentencing.

The record shows that defendant was sentenced under a controlled substance statute giving the trial court the following sentencing options:

> Which is in an amount less than 50 grams, of any mixture containing that substance is guilty of a felony and *shall be imprisoned for not less than 1 year nor more than 20 years,* and may be fined not more than $25,000.00, *or placed on probation for life.* [MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv). Emphasis added.]

However, subsection 4 of this statute, MCL 333.7401(4); MSA 14.15(7401)(4), adds:

> The court may depart from the *minimum term of imprisonment* authorized under subsection (2)(a)(ii), (iii), or (iv) if the court finds on the record that there are substantial and compelling reasons to do so. [Emphasis added.]

The trial court interpreted subsection 4 as authorizing it to impose a five-year probationary sentence for defendant's drug conviction under subsection 2(a)(iv) if there were substantial and compelling reasons for departing from the penalty

in subsection 2(a)(iv). The prosecutor's claim that this was error has merit.

Legislative purpose is the lodestar of statutory construction. *People v Stoudemire,* 429 Mich 262, 265; 414 NW2d 693 (1987). The meaning of the statutory language is determined from the context and the apparent object of the provision, as indicated by the nature of the case and other statutes in pari materia. *People v Perryman,* 432 Mich 235, 238; 439 NW2d 243 (1989).

This is a case where the legislative intent is clear from the unambiguous language of the statutes governing controlled substance offenses and probation. Subsection 4 of MCL 333.7401; MSA 14.15(7401) clearly states that the trial court only has authority to depart below the "minimum term of imprisonment." Probation is not a term of imprisonment. This unambiguous language, combined with the fact that the chapter on probation in the Code of Criminal Procedure specifically excludes probation as a sentencing option for major controlled substance offenses, with the exception of the life probation option in MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv) and MCL 333.7403 (2)(a)(iv); MSA 14.15(7403)(2)(a)(iv), shows that the trial court committed legal error in imposing a five-year probationary sentence. See MCL 771.1; MSA 28.1131 and MCL 771.2; MSA 28.1132.

We conclude that the only authority granted by subsection 4 of MCL 333.7401; MSA 14.15(7401) for defendant's drug offense pertains to the indeterminate sentencing option in subsection 2(a)(iv) of the statute. The only departure the trial court is permitted to make is a departure below the one-year minimum term of imprisonment established by subsection 2(a)(iv). The maximum term of imprisonment remains twenty years when this sentenc-

ing option is applied by the trial court. See the indeterminate sentencing provisions of MCL 769.8; MSA 28.1080.

Because defendant's probationary sentence was not authorized by statute, we vacate the sentence and remand for resentencing. We do not retain jurisdiction. *People v Willis,* 182 Mich App 706, 709; 452 NW2d 888 (1990).

Remanded.