PEOPLE v HOLMES

Docket No. 136414. Submitted November 12, 1991, at Grand Rapids. Decided December 30, 1991, at 9:25 A.M.

Kevin M. Holmes pleaded guilty in the Muskegon Circuit Court, Ronald H. Pannucci, J., of possession with intent to deliver less than fifty grams of cocaine and was sentenced to five years' probation with one year in jail. The jail sentence was to be suspended upon the defendant's successful completion of a special alternative incarceration program of the Michigan Department of Corrections, i.e., four months of boot camp. The defendant did not successfully complete the boot camp program and thereafter pleaded guilty of probation violation and was sentenced to six to twenty years' imprisonment. The defendant appealed.

The Court of Appeals *held:*

The statute regarding delivery of less than fifty grams of cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv), authorizes a term of imprisonment of not less than one year nor more than twenty years or a sentence of probation for life. A sentence of five years' probation is invalid under the statute unless the probation follows the minimum term of imprisonment or the trial court finds substantial and compelling reasons to depart from the minimum prison term. MCL 333.7401(4); MSA 14.15(7401)(4). Neither condition having been met, the defendant's sentence was invalid. The conviction of probation violation is reversed, and the case is remanded for resentencing with regard to the conviction of delivery of cocaine.

Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Tony Tague,* Prosecuting Attorney, and *Kevin A. Lynch,* Senior Assistant Prosecuting Attorney, for the people.

*Alfred Millstein,* for the defendant on appeal.

Before: DOCTOROFF, P.J., and HOLBROOK, JR. and FITZGERALD, JJ.

Per Curiam. Defendant appeals as of right following his plea of guilty to a charge of probation violation. He was sentenced to a term of six to twenty years. Defendant originally pleaded guilty of possession with intent to deliver less than fifty grams of cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv), and was sentenced to five years' probation with one year in jail. The jail sentence would be suspended upon successful completion of a special alternative incarceration program, i.e., four months of boot camp. On appeal, defendant argues that the trial court did not have authority to sentence him to probation. Thus, he argues, the sentence was a nullity and his violation of probation was a nullity, requiring resentencing with regard to his original guilty plea. We reverse defendant's conviction of probation violation and remand for resentencing.

We begin by noting that defendant did not file a claim of appeal from the original sentence within the time requirements of MCR 7.204(A)(2) and did not file an application for leave to appeal. However, because less than two months passed between the date defendant was originally sentenced and the date he was sentenced for the probation violation, we have considered defendant's argument.

The statute under which defendant was convicted, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv), authorizes the trial court to impose a term of imprisonment of not less than one year nor more than twenty years or to impose a sentence of probation for life. A sentence of five years' probation is not authorized by the statute and is invalid unless the probation follows the minimum term of imprisonment or the trial court finds substantial and compelling reasons to depart from the minimum prison term of one year. *People v Story*, 191

Mich App 476; 478 NW2d 710 (1991). In this case, the trial court erred in sentencing defendant to five years' probation and in sending defendant to boot camp as a condition of probation. Accordingly, we reverse defendant's conviction of probation violation and remand for resentencing with regard to the original conviction offense.

Defendant's conviction of probation violation is reversed, and the case is remanded for resentencing. We do not retain jurisdiction.