PEOPLE v SANCHEZ

Docket Nos. 151766, 151767. Submitted December 7, 1993, at Detroit. Decided May 2, 1994, at 9:50 A.M. Leave to appeal sought.

Julio M. Sanchez, also known as Julio O. Martinez, pleaded guilty in each of two proceedings in the Detroit Recorder's Court, Michael F. Sapala, J., of one count of delivering less than fifty grams of cocaine and was sentenced to consecutive terms of imprisonment of two to twenty years. The defendant appealed from each judgment of sentence, claiming that the trial court had labored under a mistaken belief at sentencing that it could impose an alternative sentence of probation for life only where such sentence is supported by substantial and compelling reasons. The appeals were consolidated.

The Court of Appeals *held:*

There must be substantial and compelling reasons to impose a sentence of lifetime probation pursuant to MCL 333.7401(2)(a) (iv); MSA 14.15(7401)(2)(a)(iv). In this case, the trial court did not err in finding no substantial and compelling reasons for a sentence of lifetime probation.

Affirmed.

R. A. BENSON, J., dissenting, stated that the case should be remanded for resentencing because the departure allowed by MCL 333.7401(4); MSA 14.15(7401)(4) upon findings of substantial and compelling reasons applies only to sentences of imprisonment of less than one year and not to sentences of probation for life.

SENTENCES — CONTROLLED SUBSTANCES — MANUFACTURE, DELIVERY, OR POSSESSION OF LESS THAN FIFTY GRAMS OF COCAINE — PROBATION.

A sentence of probation for life may be imposed upon conviction for the manufacture, delivery, or possession with intent to deliver less than fifty grams of cocaine only where there are substantial and compelling reasons for such sentence (MCL 333.7401[2][a][iv],[3], [4]; MSA 14.15[7401][2][a][iv],[3], [4]).

REFERENCES

Am Jur 2d, Criminal Law §§ 567, 568.

State court's power to place defendant on probation without imposition of sentence. 56 ALR3d 932.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Christine A. Kowal,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *James Krogsrud*), for the defendant on appeal.

Before: CAVANAGH, P.J., and BRENNAN and R. A. BENSON,* JJ.

CAVANAGH, P.J. Defendant pleaded guilty in two separate cases, which have been consolidated on appeal, of delivery of less than fifty grams of cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a) (iv), and was sentenced to consecutive terms of two to twenty years' imprisonment. He appeals as of right from the judgments of sentence. We affirm.

In explaining the sentencing options to defendant before accepting his pleas, the trial court correctly stated that there must be substantial and compelling reasons to impose sentences of lifetime probation. MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv) mandates a prison term of not less than one year nor more than twenty years. *People v Perez,* 417 Mich 1100.21 (1983). However, pursuant to MCL 333.7401(3) and (4); MSA 14.15(7401)(3) and (4), the alternative sentence of lifetime probation, which constitutes a departure from the mandatory sentence, may be imposed if supported by substantial and compelling reasons. See *People v Holmes,* 192 Mich App 409, 410; 481 NW2d 742 (1991); *People v Story,* 191 Mich App 476, 478; 478 NW2d 710 (1991). The trial court did not err in

---

* Circuit judge, sitting on the Court of Appeals by assignment.

finding no substantial and compelling reasons in this case. See *People v Hill,* 192 Mich App 102; 480 NW2d 913 (1991).

The record does not support defendant's contention that the trial court failed to recognize that it had some discretion in setting the maximum sentence. *Perez, supra.*

Affirmed.

BRENNAN, J., concurred.

R. A. BENSON, J. *(dissenting).* I respectfully dissent because I do not believe that the trial court was required to find substantial and compelling reasons in order to impose lifetime probation. The statute under which defendant was sentenced provides in relevant part:

> (1) Except as authorized by this article, a person shall not manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance . . .
> (2) A person who violates this section as to:
> (a) A controlled substance classified in schedule 1 or 2 which is either a narcotic drug or described in section 7214(a)(iv) and:
>
> *        *        *
>
> (iv) Which is in an amount less than 50 grams, of any mixture containing that substance is guilty of a felony and shall be imprisoned for not less than 1 year nor more than 20 years, and may be fined not more than $25,000.00, *or* placed on probation for life. [MCL 333.7401(1) and (2)(a)(iv); MSA 14.15(7401)(1) and (2)(a)(iv). Emphasis added.]

Under ordinary rules of statutory construction, the clear intent of statutory language must be given effect. The disjunctive phrase on its face indicates that lifetime probation is an alternative to the fine

and imprisonment portion of the above provision.[1] MCL 333.7401(3); MSA 14.15(7401)(3) further provides:

> A term of imprisonment imposed pursuant to subsection (2)(a) or section 7403(2)(a)(i), (ii), (iii), or (iv) shall be imposed to run consecutively with any term of imprisonment imposed for the commission of another felony. An individual subject to a mandatory term of imprisonment under (2)(a) or section 7403(2)(a)(i), (ii), (iii), or (iv) shall not be eligible for probation, suspension of that sentence, or parole during that mandatory term, *except and only to the extent that those provisions permit probation for life,* and shall not receive a reduction in that mandatory term of imprisonment by disciplinary credits or any other type of sentence credit reduction. [Emphasis added.]

The majority, as well as the lower court, interprets MCL 333.7401(4); MSA 14.15(7401)(4) as applying not only to the minimum term of imprisonment, but also to the lifetime probation:

> (4) The court may depart from the minimum term of imprisonment authorized under subsection (2)(a)(ii), (iii), or (iv) if the court finds on the record that there are substantial and compelling reasons to do so.

It is rather obvious that the Legislature gave the sentencing court two options under subsection 2(a)(iv): the court could sentence a defendant to a prison term of not less than one year nor more than twenty years and could at the same time impose a fine of not more than $25,000, or the defendant could be placed on lifetime probation.

[1] It is to be noted that the option of lifetime probation is not available to persons sentenced under MCL 333.7401(2)(a)(i), (ii), or (iii); MSA 14.15(7401)(2)(a)(i), (ii), or (iii).

There is no statutory construction that would then be required to interpret subsection 4 as modifying the lifetime probation. A plain reading of subsection 4 indicates that if the sentencing court is going to impose imprisonment, the court may go below the one-year minimum prison sentence only if it has substantial and compelling reasons.

*People v Story,* 191 Mich App 476; 478 NW2d 710 (1991), and *People v Holmes,* 192 Mich App 409; 481 NW2d 742 (1991), do not compel any different construction of the statute. In *Story,* the defendant, who was convicted of delivery of less than fifty grams of cocaine, was sentenced to five years' probation with the first sixty days to be served in jail. The trial court read MCL 333.7401(4); MSA 14.15(7401)(4) as giving it authority to depart below lifetime probation if it found substantial and compelling reasons to do so. This Court correctly read the departure standards set forth in subsection 4 as applying only to the minimum term of imprisonment:

> Subsection 4 of MCL 333.7401; MSA 14.15(7401) clearly states that the trial court only has authority to depart below the "minimum term of imprisonment." Probation is not a term of imprisonment. This unambiguous language, combined with the fact that the chapter on probation in the Code of Criminal Procedure specifically excludes probation as a sentencing option for major controlled substance offenses, with the exception of the life probation option in MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv) and MCL 333.7403(2)(a)(iv); MSA 14.15(7403)(2)(a)(iv), shows that the trial court committed legal error in imposing a five-year probationary sentence. See MCL 771.1; MSA 28.1131 and MCL 771.2; MSA 28.1132.

> We conclude that the only authority granted by subsection 4 of MCL 333.7401; MSA 14.15(7401) for defendant's drug offense pertains to the indetermi-

nate sentencing option in subsection 2(a)(iv) of the statute. The only departure the trial court is permitted to make is a departure below the one-year minimum term of imprisonment established by subsection 2(a)(iv). [*Story, supra,* p 478.]

This Court in *Story* did exactly· what the defendant is urging in this case, that is, read subsection 4 as applying only to the minimum term of imprisonment under subsection 2(a)(iv) of MCL 333.7401; MSA 14.15(7401).

In *Holmes, supra,* the defendant appealed from a guilty plea to a charge of probation violation. The defendant had originally pleaded guilty of possession with intent to deliver less than fifty grams of cocaine and was sentenced to five years' probation with one year in jail. The jail sentence was suspended upon successful completion of a special alternative incarceration program. On appeal, the defendant argued that the trial court did not have authority to sentence him to five years' probation, and that therefore his sentence was a nullity and his violation of probation was also a nullity. In following *Story,* this Court merely pointed out that a sentence of five years' probation was not authorized by the statute and was invalid. *Holmes, supra,* p 410.

Therefore, while a sentencing court needs substantial and compelling reasons to impose incarceration of less than one year, it is not required to make such findings if it chooses the alternative sentence of lifetime probation that the statute clearly provides. Accordingly, I would remand the case for resentencing.