# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

REGAN ADAM REYNOLDS,

        Defendant-Appellant.

UNPUBLISHED
January 21, 2016

No. 323368
Kent Circuit Court
LC No. 11-008862-FC

Before: BECKERING, P.J., and GLEICHER and M. J. KELLY, JJ.

PER CURIAM.

Defendant pleaded guilty to charges of kidnapping, MCL 750.349, conspiracy to commit kidnapping, MCL 750.157a and MCL 750.349, and first-degree home invasion, MCL 750.110a(2), for his role in convincing two accomplices to kidnap his former mother-in-law and hold her for ransom. The trial court originally sentenced defendant on January 11, 2012. This Court denied defendant's initial delayed application for leave to appeal (*Reynolds I*), but the Supreme Court remanded to the trial court for resentencing. *People v Reynolds*, 495 Mich 921; 843 NW2d 168 (2014) (*Reynolds II*). Defendant again sought leave to appeal after his resentencing and we granted the application limited to the following issues:

> (1) whether Appellant's challenge to the scoring of PRV 1 is barred by the law of the case doctrine; (2) if the challenge is not barred by the doctrine, whether the trial court erroneously scored PRV 1; and (3) if the variable was erroneously scored, whether defendant is entitled to resentencing. [*People v Reynolds*, unpublished order of the Court of Appeals, entered November 25, 2014 (Docket No. 323368) (*Reynolds III*).]

We now conclude that defendant's challenge to the scoring of Prior Record Variable (PRV) 1 is not barred by the law-of-the-case doctrine, the trial court incorrectly scored that variable, and the error demands that we vacate defendant's sentences and remand for resentencing.

-1-

## I. BACKGROUND

As noted, the issues on appeal center on the scoring of PRV 1. The trial court assessed 75 points for PRV 1, both at the original sentencing and on resentencing, reflecting that defendant had "3 or more prior high severity felony convictions." MCL 777.51(1)(a). "High severity felony convictions" are defined in MCL 777.51(2) as:

(a) A crime listed in offense class M2, A, B, C, or D.

(b) A felony under a law of the United States or another state corresponding to a crime listed in offense class M2, A, B, C, or D.

(c) A felony that is not listed in offense class M2, A, B, C, D, E, F, G, or H and that is punishable by a maximum term of imprisonment of 10 years or more.

(d) A felony under a law of the United States or another state that does not correspond to a crime listed in offense class M2, A, B, C, D, E, F, G, or H and that is punishable by a maximum term of imprisonment of 10 years or more.

Defendant's score was based on his three prior federal convictions for using counterfeit paper currency in violation of 18 USC 472. Defendant did not object to the scoring of PRV 1 at the original sentencing hearing. Instead, counsel filed a motion for resentencing in May 2012, asserting the grounds raised in his delayed application for leave to appeal (discussed below).

In defendant's July 5, 2012 delayed application for leave to appeal, his attorney argued that the state law corresponding to his federal offenses was MCL 750.260, pertaining to counterfeit gold and silver coins. This was a Class E felony, and defendant's offenses should have been scored as low severity felony convictions under PRV 2, counsel asserted. In an in pro per supplemental brief, defendant agreed with his counsel that his prior convictions should have been treated as low severity offenses under PRV2, but suggested that the correct corresponding state statute was MCL 750.254, pertaining to bank bills or notes. This Court denied the application "for lack of merit in the grounds presented. *People v Reynolds*, unpublished order of the Court of Appeals, entered May 16, 2013 (Docket No. 311244) (*Reynolds I*).[1]

Defendant then filed an in pro per application for leave to appeal in the Supreme Court on July 9, 2013. Among other issues, defendant asserted that his federal convictions should have been counted as prior low severity felony convictions under PRV 2, again because they corresponded with MCL 750.254. The Supreme Court did not specifically consider defendant's challenge to the scoring of PRV 1, ruling instead:

On order of the Court, the application for leave to appeal the May 16, 2013 order of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, *we VACATE the sentences* of the

---

[1] Judge Kelly sat on the panel that denied defendant's application.

Kent Circuit Court and REMAND this case to the trial court for resentencing. When scoring Offense Variables 12 and 13 of the sentencing guidelines, the trial court considered the defendant's conspiracy conviction to be a crime against a person. A conspiracy conviction cannot be scored as a crime against a person pursuant to *People v Bonilla-Machado*, 489 Mich 412 (2011), and *People v Pearson*, 490 Mich 984 (2012). On remand, the trial court shall score OV 12 at 1 point and OV 13 at 0 points. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court. [*Reynolds II* (emphasis added).]

On remand in the trial court, defendant contended that his federal felony convictions corresponded to state law convictions under MCL 750.253 and MCL 750.254 and should have been scored under PRV 2, rather than PRV 1. The court indicated that it would not "change the scoring on that" because it did not believe it had authority to do so under the remand order. Defendant subsequently filed a motion to correct his "invalid sentence." Defendant again raised his claim that his federal convictions corresponded with a violation of MCL 750.253, a Class G felony, and therefore should have been counted under PRV 2, rather than 1. Defendant noted that his total PRV level would be altered by this change, requiring reconsideration of his sentences. The trial court denied that motion as well.

Defendant again filed a delayed application for leave to appeal in this Court. Although defendant raised several challenges to the plea proceedings and resentencing hearing, this Court granted defendant's application on a limited basis as noted above.[2] In relation to PRV 1, defendant contended in his appellate brief that his federal convictions most closely corresponded with a violation of MCL 750.523.

## II. LAW OF THE CASE

The first issue the parties were directed to address is "whether Appellant's challenge to the scoring of PRV 1 is barred by the law of the case." "Whether the law of the case doctrine applies is a question of law that we review de novo." *Duncan v Michigan*, 300 Mich App 176, 188; 832 NW2d 761 (2013). The law of the case "doctrine provides that an appellate court's decision regarding a particular issue is binding on courts of equal or subordinate jurisdiction during subsequent proceedings in the same case." *People v Herrera (On Remand)*, 204 Mich App 333, 340; 514 NW2d 543 (1994). The doctrine only applies "to issues actually decided, either implicitly or explicitly, in the prior appeal." *Grievance Adm'r v Lopatin*, 462 Mich 235, 260; 612 NW2d 120 (2000).

The law-of-the-case doctrine does not apply to the instant issue because the issue *as currently argued* was not actually decided by this Court's previous order denying defendant's delayed application for leave to appeal in Docket No. 311244. While this Court made a substantive denial based on lack of merit, it did so only "for lack of merit *in the grounds presented*." *Reynolds I* (emphasis added). This was a substantive decision that was the law of

---

[2] Judge Gleicher was on the panel that granted this application.

-3-

the case for any issue decided by the order. Compare *People v Willis*, 182 Mich App 706, 708; 452 NW2d 888 (1990) (when this Court denies leave "for failure to persuade the Court of the need for immediate appellate review," the order is "a nonsubstantive disposition" and "there is no law of the case"). Defendant did not raise his current challenge—that his violations of 18 USC 472 correspond to violations of MCL 750.523—until after the Supreme Court remanded for resentencing. Therefore, this court did not make a substantive ruling that this particular challenge lacked merit and our consideration is not barred by the law-of-the-case doctrine.

Further, the Supreme Court vacated defendant's sentences when it remanded to the trial court in Reynolds II. By vacating the sentences, the Supreme Court returned the matter to "a presentence posture" and opened the door "for objection to any part of the new sentence." *People v Rosenberg*, 477 Mich 1076; 729 NW2d 222 (2007); see also *People v Ezell*, 446 Mich 869; 522 NW2d 632 (1994). Accordingly, defendant was free to raise new challenges to the scoring of PRV 1 at the resentencing hearing on remand without running afoul of the law of the case.

## II. SCORING OF PRV I

As defendant's challenge is not barred, we must consider "whether the trial court erroneously scored PRV I. When a defendant challenges the scoring of the sentencing guidelines, we review the trial court's factual determination for clear error. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id*.

PRV 1 is scored when a defendant has prior convictions for high severity felonies. Relevant here, MCL 777.51(2) defines a "prior high severity felony conviction," in part, as "[a] felony under a law of the United States or another state corresponding to a crime listed in offense class M2, A, B, C, or D." In *People v Crews*, 299 Mich App 381, 391-392; 829 NW2d 898 (2013), this Court held that the term "correspond," as it is used in the context of MCL 777.51(2), means "similar or analogous." The Court further explained that "analogous" means "corresponding in some particular" and that "similar" means "having qualities in common." *Id*. (quotation marks and citation omitted).

Here, defendant was scored points for three prior felony convictions under 18 USC 472. Federal circuits have interpreted 18 USC 472 to require proof of three elements: "(1) that [the defendant] possessed counterfeit money; (2) that, at the time of such possession, he knew the money to be counterfeit; and (3) that he possessed the counterfeit money with the intent to defraud." *United States v Leftenant*, 341 F3d 338, 347 (CA 4, 2003). See also *United States v Sandoval*, 164 F3d 632 (CA 9, 1998) (reciting the same elements).

Defendant argues that 18 USC 472 corresponds with MCL 750.253, which provides:

Uttering counterfeit notes, etc.—Any person who shall utter or pass, or tender in payment as true, any such false, altered, forged or counterfeit note, certificate or bill of credit for any debt of this state, or any of its political subdivisions or municipalities, any bank bill or promissory note, payable to the bearer thereof, or

to the order of any person, issued as aforesaid, knowing the same to be false, altered, forged or counterfeit, with intent to injure or defraud as aforesaid, shall be guilty of a felony, punishable by imprisonment of not more than 5 years or by fine of not more than 2,500 dollars.

Thus, "[t]he elements of uttering and publishing are: (1) knowledge on the part of the defendant that the instrument was false; (2) an intent to defraud; and (3) presentation of the forged instrument for payment." *People v Shively*, 230 Mich App 626, 631; 584 NW2d 740 (1998) (defining the elements in the context of uttering and publishing forged quitclaim and warranty deeds under MCL 750.249).

Comparing 18 USC 472 and MCL 750.253, both apply to counterfeit paper United States currency. Both require an intent to defraud and knowledge of the falsity or counterfeit nature of the money. And the statutory text reveals that each cover uttering, publishing, and passing. Compare MCL 750.253 ("Any person who shall utter or pass, or tender in payment as true . . ."), with 18 USC 472 ("Whoever . . . passes, utters, publishes, or sells, or attempts to pass, utter, publish, or sell . . ."). Given that these statutes both involve counterfeit paper currency, have the same intent and knowledge elements, and cover uttering, publishing, and passing, 18 USC 472 and MCL 750.253 "correspond[] in some particular" and "hav[e] qualities in common." *Crews*, 299 Mich App at 391-392. Therefore, these statutes are similar or analogous to each other and "correspond" under the meaning of PRV 1. *Id.*

As defendant's prior convictions correspond with convictions under MCL 750.523, the trial court should have scored PRV 2 rather than PRV 1. MCL 750.253 is a class G offense. MCL 777.16n. A federal offense corresponding with a state-law Class G offense does not meet the parameters of a "prior high severity felony conviction." See MCL 777.51(2)(b). "Prior low severity felony convictions" are scored under PRV 2. See MCL 777.52(2)(b) (defining a "prior low severity felony conviction" as including "[a] felony under a law of the United States or another state that corresponds to a crime listed in offense class E, F, G, or H"). Therefore, defendant's three prior convictions under 18 USC 472 were improperly scored as high severity felony convictions under PRV 1 as opposed to low severity felony convictions under PRV 2.

IV. RESENTENCING

Finally, we must consider if the erroneous scoring of PRV 1 entitles defendant to resentencing. A preserved scoring error that affects a defendant's minimum sentence range under the legislative guidelines entitles a defendant to such relief. *People v Francisco*, 474 Mich 82, 89-92; 711 NW2d 44 (2006).

When scoring the sentencing guidelines for defendant's various offenses, the trial court assessed 75 points for PRV 1, leading to a total PRV score of 110 and placing him in PRV Level F. After correcting various offense variable scores at the resentencing hearing, defendant was placed in OV Level IV. Defendant was sentenced as a second habitual offender. Accordingly, for defendant's kidnapping conviction—a Class A offense—the minimum sentencing guidelines range was 171 to 356 months. His minimum range for the Class B home-invasion conviction was 87 to 181 months.

Scoring defendants three prior federal convictions under PRV 2 results in a score of only 30 points. Defendant originally received a score of 5 points for that variable. Defendant's corrected total PRV score of 60 places him in PRV Level E. The corrected minimum guidelines range for defendant's kidnapping conviction is therefore 135 to 281 months, and 84 to 175 months for home invasion.

On resentencing, the trial court sentenced defendant to 20 to 60 years' imprisonment for the kidnapping and conspiracy charges, to be served consecutive to his 10 to 30 year sentence for home invasion. Defendant's sentences are within the corrected sentencing guidelines ranges. Even so, defendant is entitled to a second resentencing because his first resentencing was based on a scoring error. See *Francisco*, 474 Mich at 88-91. Accordingly, we vacate defendant's sentences and remand to the trial court for resentencing.

On remand, the trial court must be mindful that the law related to sentencing has changed since defendant last appeared before it. In *People v Lockridge*, 498 Mich 358, 365; 870 NW2d 503 (2015), the Michigan Supreme Court held that although courts must continue to accurately score the sentencing guideline variables, the calculated range is now only advisory.

Lastly, we note that defendant included in his appellate brief challenges to his guilty plea and the trial court's denial of his motion to disqualify the sentencing judge. In granting leave to appeal in *Reynolds III*, this Court specifically limited the issues for consideration and defendant's additional claims are beyond the scope of that order. We therefore decline to review them. See MCR 7.205(E)(4) ("*Unless otherwise ordered*, the appeal is limited to the issues raised in the application and supporting brief.") (emphasis added).

We vacate defendant's sentences and remand for resentencing. We do not retain jurisdiction.

/s/ Jane M. Beckering
/s/ Elizabeth L. Gleicher
/s/ Michael J. Kelly